## STATE v. O. A. OREDSON.[1]

December 22, 1905.

Nos 14,631—(23).

**Practice of Medicine.**

Section 7896, G. S. 1894, imposing a fine or imprisonment, or both, upon any one practicing medicine without a license, is to be reasonably construed, so as to effectuate its purpose, to prevent frauds, and to conserve the public health.

[1] Reported in 105 N. W. 188.

**Practice without License.**

> That an unlicensed person has practiced medicine is the gist of the misdemeanor, and not a gratuitous incident to it. That such person has for a fee prescribed any drug, medicine, or other agency for the treatment of disease is one kind of evidence of guilt, and not the exclusive substance of the offense.

**Evidence.**

> The evidence in this case justified the conviction of defendant for practicing medicine without a license by prescribing medicine for a fee, as charged in the indictment.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., denying a motion for a new trial, after a trial and conviction of the crime of practicing medicine without a license. Affirmed.

*S. H. Eckman* and *Alexander Marshall,* for appellant.

*E. T. Young,* Attorney General, and *John M. McClintock,* County Attorney, for the state.

JAGGARD, J.

The defendant was indicted by the grand jury of St. Louis county "of the crime of practicing medicine in the state of Minnesota without first having obtained a license." The indictment set out this general charge, and specified that on a given day, in the city of Duluth, St. Louis county, Minnesota, the defendant publicly professed to be a physician, and then and there for a named fee prescribed drugs and medicine for the use and medical treatment of a person for a disease of which she then and there complained and was suffering. The case was tried by a jury, which found the defendant guilty. Thereupon an appeal was taken to this court.

Four classes of errors were assigned by defendant. The first of these was the failure of the court to grant the motion of the defendant to direct a verdict. Upon argument in this court counsel for defendant practically withdrew this assignment of error, and upon the record presented to us there can be no possible question as to the sufficiency of the evidence to convict.

The second class of assignments of error concerned the court's rulings as to the admission of evidence. A careful examination of all of them has satisfied us, not only that there was no prejudicial error, but

also that there was no error of any kind in them. The objections pressed most earnestly on argument concerned the cross-examination of the defendant, for example, in respect to his having advertised himself as a physician and surgeon, and to his having had the words "Physician and Surgeon" on his door. In none of these questions did the court exceed in the slightest degree the exercise of its discretion or transcend the natural restrictions of relevancy.

Another objection was addressed to the alleged error of the court in sustaining the state's objection to the defendant's offer to show "that at the time these words, 'Doctor Oredson, Physician and Surgeon,' were upon the door, at the time alleged in the indictment, that Dr. Oredson, or the defendant in this case, was at that time a graduate of Hamline University Medical College and was in fact a physician and surgeon." This objection was based upon no theory of construction of the act reasonably tenable, as will presently at length appear. The mere fact of graduation from a medical college does not entitle to practice medicine in this state. The offense defined by statute (G. S. 1894, § 7896) may be committed by a graduate of a medical college, as well as by any other person not licensed to practice medicine, who is not shown to be a medical student practicing under the direction of a preceptor, or not then and there being a physician or surgeon of the United States army or navy. G. S. 1894, § 7895.

The third class of errors assigned was addressed to the instructions requested by defendant and refused by the court, and the fourth class to the instructions actually given. All these assignments were based upon defendant's theory of the proper construction of the law under which the indictment was drawn. That view is in part expressed by his first request:

> The defendant had a perfect right to make an examination, physical or otherwise, of [the person named in the indictment as complaining of physical trouble,] and give his opinion of her condition and ailment, and charge and receive a fee and compensation therefor, whether he was a licensed physician or not. Therefore, if you find that the defendant * * * charged the fee and amount referred to in the evidence or received the same, for an examination of [said person] then your verdict should be "not guilty."

Counsel further urged:

> The crime of which defendant was accused * * * was not * * * for publicly professing to be a physician and surgeon, nor that he held himself out as such. * * * Such acts are not prohibited by the statute, and are not an ingredient of any of the acts that the statute declares shall be the practicing of medicine. It is true that the indictment did, by way of recital, allege that the defendant publicly professed to be a physician; but that is a gratuitous allegation that added nothing whatever to the indictment.

The charge of the court, considered as a whole, fairly presented to the jury the determination of the fact whether or not the defendant practiced medicine at the time and place mentioned in the indictment without having first obtained a license. The definition of practicing medicine it gave in accordance with the statute, thus:

> Any person shall be regarded as practicing within the meaning of this act, who shall append the letters M. D. or M. B. to his or her name, or for a fee prescribe, direct or recommend for the use of any person any drug or medicine or other agency for the treatment, care or relief of any wound, fracture or bodily injury, infirmity or disease, and there is a provision that this shall not apply to dentistry.

The question fairly presented to this court for decision is, then, whether the statutory offense consisted merely of prescribing drugs for a fee or of practicing medicine without a license. The act is a beneficial one, and is entitled to a reasonable construction. Its purpose was not, as the counsel for the defendant insists, to merely make prescribing for a fee the offense; so that the defendant could have practiced medicine generally, could have held himself out to the world as a physician and surgeon, could have examined patients, and inferentially could have operated upon them as a surgeon for pay, and yet would not have been guilty of a misdemeanor within the meaning of the act. On the contrary, its plain object was to prevent the public wrong of practicing medicine without a license. The act was not enacted for the benefit of any profession or of any school or theory of medicine. It was designed

to secure the public in whole and in every part from quacks, humbugs, and charlatans masquerading under the venerable and honorable titles of surgeons, physicians, and doctors, and to protect the public in a just reliance upon the one using these titles as a man of proper education and sufficiently trained in the sciences involved. A just enforcement of that act would tend to prevent the most deplorable swindling of the ignorant poor, who can least afford to pay for the luxury of deception, and who are the most likely to be the dupes of ostensible practitioners, whose competency has not been determined by law, and whose moral deficiencies are evidenced by their false pretenses. Its terms should be construed, so far as reasonably may be, so as to tend to eliminate the suffering of an individual from the misuse of inert drugs when potent ones are needed, and of powerful agencies productive of ill where proper ones might bring relief or effect a cure, so as to avoid many evils of malpractice, and so as to minimize the exposure of the community at large to the spread of avoidable pestilence. The act is at once a statute of frauds and a health ordinance.

In consequence of this view, the conclusion follows that the trial court properly refused defendant's requests to charge, and gave charges which, considered as a whole, adequately expressed the proper construction of the law.

Order affirmed.