## STATE v. JOHN A. PETERFESO.

169 N. W. (2d) 18.

June 13, 1969—No. 41095.

*Ronald R. Notermann,* for appellant.

*Douglas M. Head,* Attorney General, *Joseph P. Summers,* Corporation Counsel, and *Daniel A. Klas,* Special Assistant Corporation Counsel, for respondent.

---

OTIS, JUSTICE.

Defendant has been convicted of selling without a permit radio equipment capable of being used in a motor vehicle on a police emergency frequency. The only issue is the constitutionality of Minn. St. 626.63, subd. 2, under which defendant was prosecuted:

"No person shall transfer, barter, exchange or sell any radio equipment capable of being used in a motor vehicle on a police emergency frequency to any person unless the superintendent of the bureau has issued a permit to such person as is hereinafter provided. Any person found guilty of a violation of this subdivision shall be guilty of a misdemeanor; provided, however, that nothing contained in this subdivision shall apply to sales at wholesale to dealers."

We find that the statute violates Minn. Const. art. 1, § 7, and U. S. Const. Amend. XIV, because its terms encompass not only criminal conduct but innocent activities as well.

The facts are not in dispute. In response to an advertisement, a police officer entered a radio and television retail store at 1379 Rice Street in the city of St. Paul and attempted to purchase from defendant a device described as a converter. Although it was not in stock, the officer paid the clerk and ordered the instrument.

The equipment defendant sold is manufactured by Electra Corporation and is known as a "Little Tiger" converter. It is about the size of a package of cigarettes and is designed for use with a radio for tuning in on high frequency wave lengths, more particularly, on police frequencies. Specifically, there was testimony that the converter, if held next to a transistor radio, could be used in an automobile to receive police transmission. However, the reception would be of poor quality.

The purpose of the statute is to prevent persons who commit crimes from determining the activities of the police dispatched to apprehend them. To that end, the statute would be valid if it were restricted to prohibiting the *use* of devices capable of receiving emergency frequencies. However, to prohibit their *sale* when their func-

tion outside of an automobile may be entirely innocent is an impermissible limitation on legitimate activity.

At least three states have adopted statutes with a similar purpose but drafted in terms which are valid. 62A McKinney's Consol. Laws of New York Ann., Vehicle and Traffic Law, § 397, makes it a misdemeanor to *equip* a motor vehicle with a radio capable of receiving signals on frequencies allocated to police without a permit. Michigan has a similar statute. 39 Mich. Comp. Laws Ann. § 750.508. An Illinois statute which made it a misdemeanor to equip an automobile with a shortwave radio except by permission of the local sheriff, Ill. Rev. Stat. 1947, c. 38, § 780k, was subsequently repealed. Laws of Illinois 1949, § 1, p. 721.

Out of decisions of the Supreme Court of the United States and of this court, dealing with statutes found to be too broad or too vague, have emerged principles which here apply. The test is whether the elements of a crime are expressed with sufficient clarity to permit an ordinary person to choose intelligently a lawful course of conduct. Connally v. General Const. Co. 269 U. S. 385, 391, 46 S. Ct. 126, 127, 70 L. ed. 322, 328; Jordan v. De George, 341 U. S. 223, 231, 71 S. Ct. 703, 708, 95 L. ed. 886, 892; State v. Parker, 183 Minn. 588, 237 N. W. 409; State v. Northwest Poultry & Egg Co. 203 Minn. 438, 281 N. W. 753; State v. Eich, 204 Minn. 134, 282 N. W. 810; State v. Moseng, 254 Minn. 263, 95 N. W. (2d) 6. It is not permissible to enact a law which "spreads an all-inclusive net for the feet of everybody," entangling in its meshes the innocent and the wrongdoer alike. Tyson & Brother-United Theatre Ticket Offices, Inc. v. Banton, 273 U. S. 418, 443, 47 S. Ct. 426, 432, 71 L. ed. 718, 728, 58 A. L. R. 1236, 1248; United States v. Cardiff, 344 U. S. 174, 176, 73 S. Ct. 189, 190, 97 L. ed. 200, 202; Cramp v. Board of Public Instruction, 368 U. S. 278, 287, 82 S. Ct. 275, 280, 7 L. ed. (2d) 285, 292. A law which leaves the public uncertain of the activity it prohibits, or permits judges and juries to make an adjudication without adequate standards, violates due process. Giaccio v. Pennsylvania, 382 U. S. 399, 402, 86 S. Ct. 518, 520, 15 L. ed. (2d) 447, 450. "Well-intentioned prosecutors and judicial

safeguards do not neutralize the vice of a vague law." Baggett v. Bullitt, 377 U. S. 360, 373, 84 S. Ct. 1316, 1323, 12 L. ed. (2d) 377, 386.

The difficulty with this particular statute is that it not only applies to converters specially designed for use with car radios, but also affects the sale of ordinary radio and television equipment which can be quickly and inexpensively modified to pick up police emergency frequencies. Hence, we have concluded that although this statute would be valid if it prohibited the installation or use in an automobile of equipment capable of receiving police emergency radio transmission, it does not meet the test of due process if it prohibits an innocent sale of equipment capable of an unlawful use. Accordingly, we hold the statute unconstitutional. The judgment of conviction is reversed.

Reversed.