**STATE of Minnesota, Appellant,**

v.

**Everette McALLISTER, Respondent.**

**and**

**STATE of Minnesota, Appellant,**

v.

**Q.T., INC., f.k.a. Quality Tool, Inc., Respondent.**

**No. CX-86-1198.**

Court of Appeals of Minnesota.

Feb. 3, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, for appellant.

James R. Bettenburg, Joan Bettenburg, Bertie, Bettenburg, Jacobs & Bettenburg, St. Paul, for respondents.

Joseph G. Maternowski, Sp. Asst. Atty. Gen., St. Paul, for amicus MPCA.

Timothy H. Butler, Steven E. Rau, Lindquist & Vennum, Minneapolis, for amicus Minnesota Ass'n of Commerce and Industry.

Mark S. Anderson, St. Paul, for amicus.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

Over the State's objection the trial court accepted respondents' Everette McAllister and Q.T., Inc. pleas to a lesser included offense. On appeal the State argues that the trial court erred in accepting respondents' pleas under Minn.R.Crim.P. 15.07 based on manifest injustice; that Minn. Stat. § 115.071, subd. 2b (1984), is not unconstitutionally vague; that whether a substance is a hazardous waste is a question of law and that prosecution of the case did not constitute discriminatory enforcement. We reverse and remand.

## FACTS

Respondent Everette McAllister was the owner of Q.T., Inc. a metal stamping company. On January 16, 1986, respondents were charged with unlawfully disposing of hazardous waste under Minn.Stat. § 115.-071, subd. 2b. The State alleged that between June 15, 1983 and August 22, 1985, respondents used 1,1,1 Trichloroethane, stoddard solvent and kerosene as degreasing and cleaning agents and then dumped the residual waste on the ground behind the building site and also down the drain in the building.

At a pretrial hearing respondents made a motion under Minn.R.Crim.P. 15.07 to plead guilty under Minn.Stat. § 115.071, subd. 2a, which makes the negligent disposal of hazardous waste a gross misdemeanor. Under Rule 15.07 the State then made its offer of proof which included: the testimony of employees that they had disposed of the chemicals, the testimony of a lab analyst who found traces of the chemicals in the soil at the building site, the testimony and documents from Ramsey County environmental workers that respondents were notified of the hazardous waste regulatory program and that residue from the use of 1,1,1 Trichloroethane was considered a hazardous waste.

The State indicated that it did not intend to introduce medical or toxilogical evidence as to the hazardous nature of the chemicals present at the building site because they were hazardous as a matter of law under Minn.Stat. ch. 115 and 116 and the Minnesota Rules. Under the Rules, 1,1,1 Trichloroethane was listed as hazardous due to its toxicity, and stoddard solvent and kerosene due to their characteristic of ignitability. In addition, the State submitted a motion in limine requesting that the trial court rule inadmissible any evidence offered by the defense to show that the substances found at respondents' building site were not "hazardous waste" within the meaning of Minn.Stat. ch. 115 and 116 and the Minnesota Rules. The trial court denied this motion.

On July 15, 1986, the trial court issued an order and accompanying memorandum which concluded Minn.Stat. § 115.071, subd. 2b, was unconstitutionally vague and therefore void. In the same order the court accepted respondents' pleas to a lesser included offense.

In accepting the pleas to a gross misdemeanor, the trial court did not consider whether the State could withstand a motion to dismiss on the felony charge. Three reasons were given to show that manifest injustice would occur if the State were allowed to prosecute under the original charge: the statutory definition of "hazardous waste" was unconstitutionally vague; the State's position that the substances found at respondents' building site were "hazardous waste" as a matter of law was incorrect, and the trial court's perception that the State's prosecution of this case was discriminatory enforcement of the hazardous waste laws.

## ISSUES

1. Did the trial court err in granting respondents' motion under Rule 15.07 to plead guilty to a lesser included offense over the State's objection?

2. Is Minn.Stat. § 115.071, subd. 2b, unconstitutionally vague?

3. Is the determination of whether a substance is a "hazardous waste" a question of law or fact?

4. Did the State's prosecution of this case constitute discriminatory enforcement?

## ANALYSIS

### I.

The trial court found that it would be manifest injustice not to accept respondents' pleas to a lesser included offense. We disagree.

Minn.R.Crim.P. 15.07 provides:

With the consent of the prosecuting attorney and the approval of the court, the defendant shall be permitted to enter a plea of guilty to a lesser included of-

fense or to an offense of lesser degree. Upon motion of the defendant and hearing thereon the court may accept a plea of guilty to a lesser included offense or to an offense of lesser degree, provided the court is satisfied following hearing that the prosecution cannot introduce evidence sufficient to justify the submission of the offense charged to the jury or that it would be a manifest injustice not to accept the plea. In either event, the plea may be entered without amendment of the indictment, complaint or tab charge.

Art. 3, § 1, of the Minnesota Constitution states:

> The powers of government shall be divided into three distinct departments: legislative, executive and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the power properly belonging to either of the others except in instances expressly provided in this constitution.

The power of a trial court to accept a defendant's plea to a lesser offense over the State's objection significantly usurps the prosecutor's broad discretion in determining the manner in which to fulfill his duty to prosecute. *State v. Carriere*, 290 N.W.2d 618, 620 (Minn.1980). It should only be invoked in rare instances. The reasons cited by the trial court in this case do not rise to the level of injustice that would warrant such an extreme measure.

■ Our vacation of respondents' pleas with remand to the trial court does not as respondents claim violate the double jeopardy clause. *See State v. Minton*, 276 Minn. 213, 219, 149 N.W.2d 384, 389 (1967). Respondents in this case were never placed in jeopardy.

## II.

■ When a trial court finds that the statute respondents were charged under was unconstitutional, the correct procedure is to make a definitive ruling to that effect and then dismiss the complaint. For a trial court to accept a plea to a lesser offense when it believes the statute to be unconsti-

tutional, is an abuse of discretion. Further, we find that the statute is not unconstitutionally vague.

In considering a vagueness challenge, the test applied is "whether the elements of a crime are expressed with sufficient clarity to permit an ordinary person to choose intelligently a lawful course of conduct." *State v. Peterfeso*, 283 Minn. 499, 501, 169 N.W.2d 18, 19 (1969). There is no assertion that the statute in question touches any constitutionally protected conduct. Therefore, the void for vagueness challenge must be examined in light of the facts of this case and the conduct that is charged to be violative of the statute. *See United States v. Powell*, 423 U.S. 87, 92–93, 96 S.Ct. 316, 319–320, 46 L.Ed.2d 228 (1975).

Respondents were charged under Minn. Stat. § 115.071, subd. 2b, which provides:

> Subd. 2b. *Hazardous waste; unlawful disposal; criminal penalties.* Any person who knowingly, or with reason to know, disposes of hazardous waste in a manner contrary to any provision of chapter 115 or 116, or any standard or rule adopted in accordance with those chapters relating to disposal, is guilty of a felony. Punishment shall be by a fine of not more than $25,000 per day of violation or by imprisonment for not more than five years, or both
>
> For the purposes of this subdivision,
> * * *:
>
>     * * *
>
> (b) "Hazardous waste" has the meaning given it in section 116.06, subdivision 13.

The trial court concluded that this statute was unconstitutionally vague because a person could not know if a substance was a hazardous waste under the definition in section 116.06, subdivision 13. That section provides:

> Subd. 13. "Hazardous waste" means any refuse, sludge, or other waste material or combinations of refuse, sludge or other waste materials in solid, semi-solid, liquid, or contained gaseous form which because of its quantity, concentration, or

chemical, physical, or infectious characteristics may (a) cause or significantly contribute to an increase in mortality or an increase in serious irreversible, or incapacitating reversible illness; or (b) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed. Categories of hazardous waste materials include, but are not limited to: explosives, flammables, oxidizers, poisons, irritants, and corrosives. Hazardous waste does not include source, special nuclear, or by-product material as defined by the Atomic Energy Act of 1954, as amended.

The State claims that the Minnesota Rules have been incorporated into this definition and those Rules which include lists of substances that have been determined to be "hazardous waste" lends the definition the requisite specificity. There is no language in either Minn.Stat. § 115.071, subd. 2b, or section 116.06, subd. 13, to support the State's argument. We must conclude that the legislature did not intend to include the Rules in this statutory definition. *Cf.* Minn.Stat. § 115B.02, subd. 9 (1984).[1]

■ While we disagree that the Rules have been incorporated into the definition, the fact that "hazardous waste" is defined in somewhat general terms does not render section 115.071, subd. 2b, unconstitutionally vague. That section provides that: "Any person who *knowingly, or with reason to know,* disposes of hazardous waste * * *." (Emphasis added.) The statute punishes only those who know a substance is a "hazardous waste" and who knowingly dispose of it in a manner contrary to law. This requirement, that a person must know the substance is a "hazardous waste" miti-

gates any vagueness in the statutory definition. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 499, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982); *Boyce Motor Lines, Inc. v. United States,* 342 U.S. 337, 342, 72 S.Ct. 329, 331, 96 L.Ed. 367 (1952). We do not believe this interpretation places an insurmountable burden of proof on the State. Where as here dangerous substances are involved, and the probability of regulation is great, the trier of fact may infer knowledge on the part of those engaged in the business of using such substances. *See United States v. Johnson & Towers, Inc.,* 741 F.2d 662, 669 (3rd Cir.1984). In addition, the probable cause paragraph of the complaint details notification given to respondents by State officials that the listed substances were hazardous wastes as defined by the Minnesota Pollution Control Agency (MPCA) and St. Paul Ordinance.

### III.

■ The trial court also concluded it would be a manifest injustice not to accept respondents' pleas because of the State's insistence that it did not have to introduce evidence to show the substances found were "hazardous waste." The State claimed that the substances found at respondents' building site were "hazardous waste" as a matter of law because they were listed as "hazardous waste" in the Minnesota Rules.

The MPCA has promulgated rules that list substances it has determined are hazardous wastes within the definition set out in section 116.06, subd. 13. *See* Minnesota Rules 7045.0020, subpart 33 and 7045.0131 (1985). At trial the State does not need to once again prove that these substances meet the definition in section 116.06, subd.

1. Subd. 9. **Hazardous waste.** "Hazardous waste" means:

(a) Any hazardous waste as defined in section 116.06, subdivision 13, and any *substance identified as a hazardous waste pursuant to rules* adopted by the agency under section 116.07; and

(b) Any hazardous waste as defined in the Resource Conservation and Recovery Act, under 42 United States Code section 6903, which is listed or has the characteristics identified under 42 United States Code section 6921, not including any hazardous waste the regulation of which has been suspended by act of Congress.

(Emphasis added.)

13. The State must show, however, that the substances disposed of exhibit the requisite properties to be included on the MPCA's list. *See* Minnesota Rules 7045.-0129 and 7045.0131. The State's apparently rigid position that it did not have to present any evidence on this issue did not constitute a manifest injustice that would preclude prosecution on the original charge.

## IV.

 The third reason the trial court articulated for accepting respondents' pleas was what it perceived to be selective enforcement of the hazardous waste laws. The court referenced, in its July 15, 1986 memorandum, newspaper accounts of the Williams pipeline explosion on July 8, 1986 which killed two people, and the fact that Williams had never been charged with a criminal offense. Although respondents asserted a discriminatory enforcement claim in a motion, they presented no facts to support this claim and do not even argue this issue on appeal.

In *State, by Pollution Control Agency v. United States Steel Corp.*, 307 Minn. 374, 240 N.W.2d 316 (1976), the supreme court recognized that section 115.071:

> unambiguously accords the state discretion in selecting the means of enforcement it deems most suitable in a given case. We are unable to perceive even the suggestion that initial administrative action is legislatively preferred, much less mandated. Rather, we are convinced that the legislature recognized that the effective and expeditious control of a serious environmental problem requires that those entrusted with the enforcement of our pollution control laws be provided *a broad range of remedies from which they are free to select those they deem most appropriate*.

*Id.* at 379, 240 N.W.2d at 319 (emphasis added). Similarly, we do not read Minn. Stat. § 115.071 to in any way require that the State must exhaust available civil remedies before pursuing criminal remedies.

The fact that the criminal sanctions provided by section 115.071 have not been widely employed does not constitute discriminatory enforcement. *See State v. Larson Transfer and Storage, Inc.*, 310 Minn. 295, 302, 246 N.W.2d 176, 181 (1976). The trial court's personal views on the comparative culpability of potential defendants is immaterial.

> [S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file * * * generally rests entirely in his discretion.

*Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978)). In this case another trial judge did find there was probable cause to believe respondents had violated section 115.071, subd. 2b, and the State's decision to prosecute under this section was within its discretion.

## DECISION

The trial court abused its discretion when it found it would be a manifest injustice not to accept respondents' pleas to a lesser included offense. Therefore, respondents' pleas are vacated and this case is remanded for further proceedings on the original charges.

Reversed and remanded.