STATE of Minnesota, Appellant,

v.

NORMANDALE PROPERTIES, INC., Respondent.

No. C3–87–2106.

Court of Appeals of Minnesota.

March 15, 1988.

Review Denied May 4, 1988.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, for amicus.

Thomas L. Johnson, Hennepin Co. Atty., Thomas A. Weist, Asst. Co. Atty., Minneapolis, for appellant.

Roger J. Magnuson, Frank J. Magill, Jr., Dorsey & Whitney, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and SEDGWICK and FORSBERG, JJ.

## OPINION

SEDGWICK, Judge.

Respondent Normandale Properties, Inc., (Normandale) was charged with two counts of attempted unlawful disposal of hazardous wastes. The trial court ruled that the statutory definition of hazardous waste was unconstitutionally vague and dismissed the complaint. The state appeals, and the attorney general has submitted an amicus curiae brief in support of the statute. We reverse.

## FACTS

The complaint alleges the following facts. On April 7, 1987, a Carver County Environmental Services inspector responded to a report that someone was unlawfully attempting to dispose of hazardous waste at an address in Chaska, Minnesota. The property is managed by Normandale. When the inspector arrived he discovered a strong solvent odor coming from a dumpster. The inspector found seven five-gallon containers and eight one-gallon containers hidden under pieces of sheetrock in the dumpster. Labels on the containers identified their contents as flammable liquids, and the five-gallon containers had the words "hazardous waste" written on them. The inspector went inside the building and spoke to a Normandale employee who admitted putting the containers in the dumpster at the direction of his "boss." The employee also admitted seeing that at least one can was marked "hazardous waste."

Further investigation revealed that Normandale had originally picked up the containers in Minneapolis when a former tenant of theirs, Wood Tailor, Inc., vacated a property and left the containers behind. A Normandale employee took the containers to a property in Edina managed by Normandale and placed them in a dumpster.

The waste hauler who services the Edina property found the containers in the dumpster. He saw that some were labeled "hazardous waste" and so removed the containers from the dumpster, since the landfill he uses does not accept hazardous waste. According to a Normandale employee, he was instructed by a Normandale foreman to put the containers in the dumpster at Chaska after the waste hauler refused to take them.

The president of Wood Tailor reported that the company generated a flammable hazardous waste that was approximately 90% lacquer thinner, 8% lacquer and 2% mineral spirits. Samples taken from the seven five-gallon containers had a flash point below 70 degrees Farenheit.

Normandale was charged with one count of attempted willful or negligent unlawful disposal of hazardous waste and one count of attempted unlawful disposal of hazardous waste. The trial court dismissed the charges on vagueness grounds. Its order states:

The statute herein in failing to provide an ascertainable standard of quantity, concentration or toxicity and in further failing to provide for an exhaustive list of toxic materials is as such unconstitutionally vague in that it fails to establish an ascertainable standard by which members of the public can in advance govern their conduct.

## ISSUE

Did the trial court err in dismissing the charges based on the void for vagueness doctrine?

## ANALYSIS

### 1. The charges.

Normandale is charged with attempted violations of two statutes, based on the criminal attempt statute, Minn.Stat. § 609.17 (1986). Count 1, attempted willful or negligent unlawful disposal of hazardous waste, is based on the following statute:

willfully or negligently violating any provision relating to hazardous waste of this chapter or chapter 116, or any standard [or] rule * * * adopted by the [Minnesota pollution control] agency under such a provision * * *.

Minn.Stat. § 115.071, subd. 2a(a) (1986).

Count 2, attempted unlawful disposal of hazardous waste, is based on this statute:

Any person who knowingly, or with reason to know, disposes of hazardous waste in a manner contrary to any provision of this chapter or chapter 116, or any standard or rule adopted in accordance with those chapters relating to disposal, is guilty of a felony.

Minn.Stat. § 115.071, subd. 2b (1986).

Hazardous waste is defined as follows:

"Hazardous waste" means any refuse, sludge, or other waste material or combinations of refuse, sludge or other waste materials in solid, semisolid, liquid, or contained gaseous form which because of its quantity, concentration, or chemical, physical or infectious characteristics may (a) cause or significantly contribute to an increase in mortality or an increase in serious irreversible, or incapacitating reversible illness; or (b) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed. Categories of hazardous waste materials include, but are not limited to: explosives, flammables, oxidizers, poisons, irritants, and corrosives.

Minn.Stat. § 116.06, subd. 13 (1986).

Agency rules contain lists of chemicals considered hazardous wastes. E.g., Minn.R. 7045.0135 (1987). Only the statutory definition of hazardous waste applies here, however. In State v. McAllister, 399 N.W.2d 685 (Minn.Ct.App.1987), this court held that the rules were not incorporated into the statutory definition of hazardous waste. Id. at 688–89. Although McAllister was addressing only Minn.Stat. § 115.071, subd. 2b (count 2 here), its reasoning applies equally to subdivision 2a(a) (count 1), since the same statutory definition applies. See Minn.Stat. § 115.01, subd. 18 (1986).

The statutes underlying both counts have been repealed effective August 1, 1987. 1987 Minn.Laws ch. 267, § 5. They were replaced by a statute which defines "hazardous waste" as wastes so identified by rule. Minn.Stat. § 609.671, subd. 1(d) (Supp.1987).

### 2. Void for vagueness doctrine.

The United States and Minnesota Constitutions require that statutes meet due process standards of definiteness. State v. Newstrom, 371 N.W.2d 525, 528 (Minn. 1985).

[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983), quoted in Newstrom, 371 N.W.2d at 528.

Vagueness challenges to statutes that do not involve first amendment freedoms must be examined in light of the facts of the particular case. *United States v. Powell*, 423 U.S. 87, 92, 96 S.Ct. 316, 319–20, 46 L.Ed.2d 228 (1975); *State v. Becker*, 351 N.W.2d 923, 925 (Minn.1984). A person whose conduct is clearly proscribed "cannot complain of the vagueness of the law as applied to others." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). The person charged must show the statute "lacks specificity as to his own behavior and not as to some hypothetical situation." *State v. Currie*, 400 N.W.2d 361, 365 (Minn.Ct.App.), *pet. for rev. denied* (Minn. April 17, 1987).

■ Normandale argues the statutory definition of hazardous waste is void on its face. A statute that does not implicate first amendment freedoms is facially void for vagueness only if it is vague in all its applications. *Flipside*, 455 U.S. at 494–95, 102 S.Ct. at 1191. Unless the statute proscribes no comprehensible course of conduct at all, it will be upheld against a facial challenge. *See Powell*, 423 U.S. at 92, 96 S.Ct. at 319–20; *Becker*, 351 N.W.2d at 925.

This court has upheld prosecutions based on the statutes at issue here. In *McAllister*, we upheld a challenge to the statute underlying count 2. 399 N.W.2d at 689. In a case decided after this appeal was filed, we upheld the statute underlying count 1. *State v. Gerring*, 418 N.W.2d 517 (Minn.Ct.App.1988). Those cases in effect hold the statutes are not facially void.

■ The state argues that the statutory definition of hazardous waste is not unconstitutionally vague as applied to the facts of this case. We agree.

The statute defines hazardous waste to include

> any * * * combinations of * * * waste materials in * * * liquid * * * form which because of its quantity [or] concentration * * * may * * * pose a substantial * * * hazard to human health or the environment when improperly * * * disposed of * * *. [H]azardous waste ma-

terials include * * * flammables [and] poisons * * *.

Minn.Stat. § 116.06, subd. 13 (1986).

The statute provides adequate notice that it covers the approximately forty gallons of highly flammable lacquer thinner at issue here. Indeed, under these circumstances Normandale had more than adequate notice. The wastes emitted a strong solvent odor and were in containers labeled "hazardous waste" or "flammable" or both. Normandale attempted to dispose of them after a waste hauler had refused to take them at another location. Although the statutory definition might conceivably raise due process concerns in some situations, it does not here.

Normandale's main argument is that the statute is void for vagueness because it fails to specify what substances in what amounts and concentrations are covered. The fact that the legislature could have defined hazardous waste more precisely does not make the statute unconstitutional. *See Powell*, 423 U.S. at 94, 96 S.Ct. at 320–21.

We are not persuaded, moreover, that a list of chemical compounds would have provided Normandale better notice than the statute's more general criteria. It is more likely Normandale knew that the lacquer thinner was flammable and "posed a substantial * * * hazard to human health or the environment" than it is they knew its chemical composition. *See* Minn.Stat. § 116.06, subd. 13.

### DECISION

The hazardous waste statute is not unconstitutionally vague on its face or as applied to the facts of this case.

Reversed.