**State v. Gray**
*[Cite as 7 AOA 245]*

Case No. 412
Harrison County, (7th)
Decided September 6, 1990

Anthony J. Celebrezze, Jr., Attorney General, J. Michael Marous, Philip E. Haffenden, Asst. Attorneys General, Environmental Enforcement, 30 East Broad Street, Columbus, Ohio 43266-0410, Andrew Hutyera, Prosecuting Attorney, 105 Jamison Ave., P.O. Box 235, Cadiz, Ohio 43907, for Plaintiff-Appellee.

Joseph A. Wheeler, 113 E. Third St., Ulrichsville, Ohio 44683, Nanette M. DeGarmo, 152 N. Broadway, P.O. Box 541, New Philadelphia, Ohio 44663, for Defendant-Appellant.

COX, J.

This is a timely appeal from the Harrison County Common Pleas Court wherein defendant-appellant, Douglas Gray, was convicted of unlawfully and recklessly disposing of or causing another to dispose of hazardous waste at a location which was not licensed for the disposal of hazardous waste, and also of unlawfully and recklessly transporting or causing another to transport or tolerating the transportation of hazardous waste to a location in Harrison County which was not licensed for receiving hazardous waste.

Appellant was vice-president of YEI, Inc. when he ordered fourteen drums of Toluene and Xylene, formerly buried in Canton, Ohio, and had them transported to Harrison County where they were buried. A Harrison County resident reported this burial to the Harrison County Sheriff's office.

Toluene and Xylene are solvents which are poured down well holes to prevent accumulation of paraffins, which may clog the mechanical operation of the rods and pump in the wells. Wells in Harrison County are treated approximately four times a year with about one hundred gallons of solvent per treatment. Based upon this, appellant's defense to the felony counts of [transportation and disposal of hazardous waste was that Toluene and Xylene fall under the exclusionary clause in O.A.C. 3745-51-04(B) (5):

"(B) The following wastes are not hazardous wastes:

"***

"(5) Drilling fluids, produced waters, and other wastes associated with the exploration, development, or production of crude oil, natural gas or geothermal energy."

The trial court concluded that the two solvents, if used to break up paraffins in well holes, would not produce a waste; to the contrary, they would assimilate into the natural gas or crude oil coming from the well. In this case, the drums containing the solvents had been buried in Canton without being used in well holes; thus, to categorize these solvents as wastes would be stretching the definition set forth in O.A.C. 3745-51-04(B) (5). Further, O.A.C. 3745-51-03(E) places the burden of proof in demonstrating that a waste is not hazardous pursuant to acknowledged lists shall be upon the person making such claim.

The evidence at trial indicated that the solvents exhibited a flashpoint characteristic of hazardous waste under Rules 3745-51-20 to 3745-51-24 of the Ohio Administrative Code.

The trial court found appellant guilty of the aforementioned charges and fined him $10,000.00 for each conviction; however, $16,000.00 of the fine was suspended. No sentence of imprisonment was imposed. This appeal followed.

Appellant's first assignment of error alleges:

"The trial court erred in failing to dismiss charges of transporting and disposing hazardous wastes where the defendant is employed in the oil and gas industry which is excluded from regulation by both federal and state law."

Appellant bases his defense on the exclusion theory which relies on the language in O.A.C. 3745-51-04(B) (5). The same language appears in 40 CFR 261.4(b) (5) adopted by the U.S. EPA.

The trial court determined the waste previously buried in Stark County and unearthed and transported to Harrison County was not within the exclusionary clauses of regulation. This is consistent with the Ohio Supreme Court's holding in *State v. Tipka* (1984), 12 Ohio St. 3d 258, that environmental laws should be interpreted in a manner consistent with the underlying policy of protecting public health and safety and to conserve natural resources.

The trial court exercised its discretion in finding that the solvents did not fall within the exclusions to regulation. We find no evidence that this action by the trial court constituted an abuse of discretion. Appellant's first assignment of error is found to be without merit.

Appellant's second assignment of error alleges:

"The trial court erred in failing to dismiss the indictments on the basis that they were founded upon unconstitutionally vague statutes and regulations."

Appellant argues the trial court failed to follow the holding set forth in *Roberts v. State* (1933), 46 Ohio App. 364 that statutes and rules must describe with certainty the act which is forbidden. Appellant buttressed this argument with Mr. Ward's testimony that it was his opinion that discarded barrels containing Toluene would be wastes associated with oil and gas exploration.

However, in *State v. Normandale Properties* (1988), 420 N.W. 2d 259, 262, the Minnesota Court of Appeals wrote:

"Vagueness challenges to statutes that do not involve first amendment freedoms must be examined in light of the facts of the particular case."

In this case, the appellant's own behavior recognized the violation and the indictment citing the statutes and regulations. The trial court's entry of June 16, 1988 addressed this issue. Giving the words of the statute their plain meaning, we do not find them to be vague. Therefore, appellant's second assignment of error is found to be without merit.

Appellant's third assignment of error alleges:

"The court's ruling that the appellant had the burden of proving the applicability of the 'oil and gas exclusion', as set forth in O.A.C. 3745-51-04(B)(5), by a preponderance of the evidence, was improper and an error of law."

R.C. 2901.05(A) imposes upon the accused the burden of "going forward and proving by a preponderance of the evidence any affirmative defense a defendant intends to raise. Appellant's third assignment of error is without merit.

Appellant's fourth assignment of error alleges:

"The guilty finding by the trial court was not sustained by sufficient evidence and was contrary to law regarding the State's burden to prove recklessness beyond a reasonable doubt."

An appellate court cannot substitute its judgment for that of the trial court absent an abuse of discretion. Appellant knew what was in the barrels, or he should have known; therefore, he cannot contend he was not reckless in causing the solvents to be transported to Harrison County for burial in a non-licensed facility. A careful review of the entire record does not exhibit an abuse of discretion herein. Therefore, appellant's assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

O'NEILL, P.J., and DONOFRIO, J., concur.