STATE of Minnesota, Plaintiff,

v.

Herbert Cecil SAUNDERS, Defendant.

No. C9–95–907.

Court of Appeals of Minnesota.

Jan. 16, 1996.

Hubert H. Humphrey, III, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Daniel Birkholz, Watonwan County Attorney, Todd Kosovich, Assistant County Attorney, St. James, for Plaintiff.

Calvin P. Johnson, Mankato, Diane M. Miller, Stillwater, for Defendant.

Considered and decided by HARTEN, P.J., and SCHUMACHER and FORSBERG, JJ.

## OPINION

THOMAS G. FORSBERG, Judge.*

Defendant Herbert Saunders was tried on a gross misdemeanor charge of practicing medicine without a license under Minn.Stat. § 147.081, subd. 3(3) (1994). After a mistrial resulting from a deadlocked jury, the trial court certified the following question as important and doubtful:

> Is Minnesota Statute Section 147.081, Practicing Medicine Without a License, unconstitutionally vague and overbroad, pursuant to the Constitution of the United States and the Minnesota Constitution?

The state moves to strike a portion of Saunders' appellate brief because it addresses three questions not certified and includes a document outside the record. After modifying the certified question to omit the words "and overbroad," we answer it in the negative. We also strike portions of Saunders' appellate brief.

## FACTS

Saunders operates a dairy farm that produces Grade B milk. After receiving a complaint, Robert Berg, special agent for the Minnesota Bureau of Criminal Apprehension, began investigating whether Saunders was claiming that he could cure ill people. According to the complainant, Saunders would

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

inject an ill person's blood into one of his cows and then have the person drink the cow's colostrum (first milk after giving birth). Saunders claimed the injected cow would produce milk with specific immune properties that would heal or at least improve the health of the ill person.

During the spring of 1993, an undercover agent, Randy Hagen, posed as a lung cancer patient who wished to receive treatment from Saunders. Saunders told Hagen that Hagen would need to supply him with blood which he would inject into one of his cows, and that the cow would create antibodies against his cancer. In a recorded conversation, he told Hagen, "There is all the power to take the wham out of your cancer," and "when [cancer's] got an opening to the outside it peels off like a scab." Saunders also told of others whom he had "helped," including himself, and claimed he could cure degenerative diseases, such as cancer, AIDS and diabetes. He told Hagen to discontinue receiving chemotherapy but to continue taking antibiotics. During the course of several meetings, Hagen supplied Saunders with his own blood, received "treated" milk and herbs from Saunders, and paid Saunders $2,700 to purchase the milk and a cow that had purportedly been injected with his blood.

As a result of the undercover operation, Saunders was charged with two counts of felony theft by swindle, two misdemeanor counts of mistreatment of animals, and one gross misdemeanor count of practicing medicine without a license, under Minn.Stat. § 147.081, subd. 3(3) (1994). The jury was asked to consider Saunders' guilt or innocence on only the last charge because all other counts were eventually dismissed.

The trial judge declared a mistrial after the jury became deadlocked during deliberations. Saunders then moved for acquittal and for certification of four constitutional issues as important and doubtful. The court denied the acquittal motion and declined to certify three of the four issues, but granted Saunders' request to certify whether Minn. Stat. § 147.081 is "unconstitutionally vague and overbroad" under the United States and Minnesota Constitutions. On appeal, the state moves to strike a portion of Saunders'

brief because it addresses the three issues not certified and includes matters outside the record.

## ISSUES

I. "Is Minnesota Statute Section 147.081, Practicing Medicine Without a License, unconstitutionally vague * * * pursuant to the Constitution of the United States and the Minnesota Constitution?"

II. Should portions of Saunders' appellate brief be stricken?

## ANALYSIS

### I.

 In a criminal case, upon proper motion, the trial court may certify "any question of law * * * which in the opinion of the judge is so important or doubtful as to require a decision of the Court of Appeals." Minn.R.Crim.P. 28.03. Before certifying a question, the "trial court must decide and specify the precise legal question certified for review." *State v. Brink,* 500 N.W.2d 799, 802 (Minn.App.1993). "The certification should be carefully and precisely framed so as to present distinctly and clearly the question of law involved * * *." *Thompson v. State,* 284 Minn. 274, 277, 170 N.W.2d 101, 103 (1969). Where the certified question is inaccurately stated, the reviewing court may revise the question. *See State v. Wicks,* 258 N.W.2d 598, 599–600 (Minn.1977) (revising and answering certified question involving construction of aggravated DWI statute).

Here, the trial court included the language "vague and overbroad" as per Saunders' request, although it is clear from the record that the court did not intend to certify an overbreadth question involving the First Amendment. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 497, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982) (distinguishes between First Amendment overbreadth doctrine and due process void-for-vagueness doctrine). In its order denying Saunders' request to certify three questions, the court specifically refused to certify whether Minn.Stat. § 147.081 denied Saunders' "fundamental constitutional rights to free speech." For purposes of clar-

ification, we thus eliminate the words "and overbroad" from the certified question.

Under current Minnesota law, a person who does not hold a license to practice medicine may not, among other activities,

> offer[ ] or undertake[ ] to prevent or to diagnose, correct, or treat in any manner or by any means, methods, devices, or instrumentalities, any disease, illness, pain, wound, fracture, infirmity, deformity or defect of any person.

Minn.Stat. § 147.081, subd. 3(3) (1994). The law specifically lists 13 factual settings to which the licensing requirement does not apply. *Id.* at § 147.09. The law's purpose is to prevent fraud and protect the public. *See State v. Oredson,* 96 Minn. 509, 512–13, 105 N.W. 188, 189 (1905).

■ Saunders contends that Minn.Stat. § 147.081 is vague and fails to meet due process definiteness requirements under the United States and Minnesota Constitutions. *See* U.S. Const. amends. I, XIV; Minn. Const. art. I, § 7. The void-for-vagueness doctrine requires that a criminal statute

> define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

*Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983), *quoted in State v. Becker,* 351 N.W.2d 923, 925 (Minn.1984). Vagueness challenges not based on the First Amendment "must be examined in light of the facts at hand" and will be upheld "[u]nless the statute proscribes no comprehensible course of conduct." *Becker,* 351 N.W.2d at 925 (citing *United States v. Powell,* 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975)).

Saunders challenges the statute on the basis of its generality, claiming that it "fails to provide notice to a person of ordinary intelligence as to the boundaries of the freedoms it prohibits." We disagree. Although the statute covers a broad range of activities, we believe Minn.Stat. § 147.081, subd. 3(3), is written with sufficient particularity to show which conduct is prohibited. *See State v. Willenbring,* 454 N.W.2d 268, 270 (Minn.App.

1990) ("somewhat general language" of challenged statute does not make it unconstitutionally vague), *review denied* (Minn. May 30, 1990). The statute prohibits a person from offering to "prevent," "diagnose, correct or treat" any "disease, illness * * * or infirmity." Minn.Stat. § 147.081, subd. 3(3). While the statute contains somewhat general language and undefined terms, we conclude that it is drafted with sufficient clarity to give ordinary persons notice of prohibited conduct. A person holding a license to practice medicine is allowed to engage in a broad range of conduct; those without such a license are necessarily prohibited from engaging in that same broad range of conduct. The statute's exemptions further delineate the boundaries between allowed and prohibited conduct. *Id.* at § 147.09. Thus, we conclude the statute is not unconstitutionally vague as applied to the claim against Saunders. *See State v. Normandale Props., Inc.,* 420 N.W.2d 259, 262 (Minn.App.1988) (statute held constitutional even though it could "conceivably raise due process concerns" in other situations), *review denied* (Minn. May 4, 1988).

**II.**

■ The state requests that this court strike three constitutional issues addressed in Saunders' appellate brief and a document included in his appendix.

Although the trial court certified only one due process question concerning the vagueness of Minn.Stat. § 147.081, Saunders' brief raises three other constitutional issues. Those issues concern freedom of speech under the First Amendment, privacy and liberty rights, and the right of farmers to sell their products. The trial court specifically denied Saunders' request to certify each of these questions in an order dated April 21, 1995. Thus, the state correctly asserts that this court may not address those questions in this appeal. *See Brink,* 500 N.W.2d at 802 (only "precise legal question" certified for review). We thus strike all reference in Saunders' brief to the three questions not certified.

■ The appendix to Saunders' brief contains a copy of a 1955 Canadian patent on

methods of obtaining mammalian milk with specific immune properties. Saunders contends that the document should be included in the record on appeal because this is constructively a pretrial appeal and the document is potentially admissible at trial. The patent is not part of the trial court record, and is thus not part of the record on appeal. *See* Minn.R.Civ.App.P. 110.01 (record on appeal includes trial court papers, exhibits and transcript); *see also Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn.1988) (appellate court may not consider "matters not produced and received in evidence below"). We also strike this document from Saunders' brief.

## DECISION

The trial court's certified question, regarding whether Minn.Stat. § 147.081 is void for vagueness, is answered in the negative. Portions of Saunders' brief addressing three questions not certified by the trial court and containing a patent document not included in the trial court record are also stricken.

**Certified question answered in the negative.**