**STATE of Minnesota, Appellant,**

v.

**Christopher John CIURLEO,
Respondent.**

**No. CX–91–826.**

Court of Appeals of Minnesota.

June 18, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Marvin Ketola, Carlton County Atty., James Ross, Jr., Asst. County Atty., Carlton, for appellant.

K. Scott Belfry, Cloquet, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and RANDALL and NORTON, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

This is a pretrial appeal by the state from an order dismissing one count of the complaint. Respondent Christopher Ciurleo has filed a motion to dismiss the appeal as taken from a nonappealable order. We grant the motion and dismiss the appeal.

## FACTS

Ciurleo was charged with misdemeanor theft and obstructing legal process with force. Ciurleo moved to dismiss at least one of the counts for lack of probable cause. The state submitted probable cause based on the complaint and the police reports, and Ciurleo presented no testimony.

The trial court dismissed Count 1, obstructing legal process, finding

[t]here is *not* sufficient information in the file concerning probable cause that a crime has been committed by the accused to warrant a trial herein on Count 1. (emphasis in original)

The state filed an appeal from the dismissal order. In its statement of the case, the state indicated the dismissal was for lack of probable cause, and that the trial court had instructed it to reissue the charge. This court issued an order questioning jurisdiction. At the same time, Ciurleo filed a motion to dismiss the appeal.

## DECISION

The state may appeal as of right from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn.Stat. § 631.21; ....

Minn.R.Crim.P. 28.04, subd. 1(1).

A dismissal for lack of probable cause which is based on a legal determination, such as the interpretation of a statute, is appealable. *State v. Diedrich*, 410 N.W.2d 20, 22 (Minn.App.1987). The state contends the trial court dismissed the charge here because it found that "obstructing legal process," Minn.Stat. § 609.-50, requires an act against a peace officer, not a security guard. The state relies on off-the-record comments by the trial judge expressing concern about applying the statute to a confrontation with a security guard rather than a peace officer. The trial court order itself, however, states only that the record does not establish probable cause to support the charge.

Under Rule 28.04, subd. 1(1), whether the dismissal is based on a legal or a factual determination is a threshold jurisdictional question. An appellant must make the jurisdiction of the appellate court appear plainly and affirmatively from the record presented. *State ex rel. Farrington v. Rigg*, 248 Minn. 49, 50, 78 N.W.2d 721, 722 (1956). Distinguishing a legal from a factual determination is often difficult enough without also deciding whether the actual language of the trial court's order is the real basis for decision. Matters outside the record do not confer jurisdiction. *See e.g. Olmscheid v. Paterson*, 425 N.W.2d 312, 313 (Minn.App.1988) (judgment was nonappealable partial judgment where no copy of any order dismissing remaining claims had been produced).

A party may file a statement of the proceedings when no report was made of a part of the hearing. Minn.R.Civ. App.P. 110.03. We conclude that in a prosecution pretrial appeal a party claiming appellate jurisdiction (or lack of jurisdiction) based on off-the-record discussions should be required to file a Rule 110.03 statement, at least when jurisdiction is questioned, or a motion to dismiss is filed. Appealability is a threshold question. *See State v. Joon Kyu Kim*, 398 N.W.2d 544, 550 (Minn. 1987). (*Webber* critical impact test is a threshold requirement for review). The state has not presented a record showing jurisdiction, even in response to an order questioning jurisdiction and a motion to dismiss. The state's failure to do so leaves this court without jurisdiction to consider the appeal.

Appeal dismissed.