STATE of Minnesota, Appellant,

v.

Dylan Sebastian DUFFY, Respondent.

No. C7–96–1919.

Court of Appeals of Minnesota.

Jan. 28, 1997.

Hubert H. Humphrey III, Attorney General, St. Paul, for Appellant.

Thomas J. Harbinson, Scott County Attorney, Susan K. McNellis, Angela M. Helseth, Assistant Scott County Attorneys, Shakopee, for Appellant.

Steve L. Bergeson, Michael D. Burville, Jordan, for Respondent.

Considered and decided by DAVIES, P.J., and RANDALL and SHORT, JJ.

## OPINION

DAVIES, Judge.

Respondent Dylan Duffy was charged with four counts of controlled substance violations. At the pretrial hearing, the district court dismissed all four counts for lack of probable cause. The State appeals the dismissal, claiming it was based on an error of law. Respondent challenges appealability under Minn. R.Crim. P. 28.04, subd. 1. We dismiss the appeal as being from a nonappealable pretrial order.

## FACTS

Respondent and an undercover police officer had a telephone conversation during which they discussed costs for varying amounts of cocaine. Respondent said a woman who worked at a nearby shopping mall was holding the cocaine, and arrangements were made to meet there that afternoon.

At the mall, the officer showed respondent $400, but said he would not "front" any mon-

ey. The officer asked if the woman would be willing to come outside; respondent said no. Respondent then paged someone from the officer's car. When the answering phone call came, respondent told the caller he was "waiting for the dope." Respondent then said, "I'm gonna go inside," hung up the phone, and left the car. When respondent returned, he informed the officer that the woman had a break in about an hour and would do the deal then. The officer said he couldn't wait, and asked if they could go inside. Respondent replied that the woman would not like that.

There was no purchase of cocaine, nor did the officer see or talk with the woman who was allegedly holding the cocaine. Respondent was, nonetheless, charged with two counts of cocaine sale and two counts of conspiracy to sell cocaine. At the pretrial conference, respondent moved to dismiss for lack of probable cause. The district court dismissed all four charges. The State filed this appeal, contending that the dismissal was based on a legal determination and that the court failed to consider all the evidence presented.

## ISSUE

Did the district court make a legal determination that possession was a necessary element of conspiracy, therefore permitting this appeal?

## ANALYSIS

■ Minn. R.Crim. P. 28.04, subd. 1, provides in part:

The prosecuting attorney may appeal as of right to the Court of Appeals:

(1) in any case, from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense * * *.

Dismissals of complaints for lack of probable cause are excepted from the general rule that prosecutors may appeal pretrial orders. This is because such dismissals " 'represent situations in which the prosecuting authority does not need the right of appeal since it may reinstate its case by other means.' " *State v. Shaw,* 264 N.W.2d 397, 398 (Minn.1978) (quoting Minn. R.Crim. Proc. 29.03, appeal by prosecuting authority, cmt., 1978). For example, if the State can obtain other evidence that establishes sufficient probable cause to prosecute, it is free to reissue the complaint.

■ This court has, however, interpreted Minn. R.Crim. P. 28.04, subd. 1, as allowing appeals from pretrial orders where the "complaint is dismissed solely on a question of law." *State v. Kiminski,* 474 N.W.2d 385, 389 (Minn.App.1991), *review denied* (Minn. Oct. 11, 1991); *see also State v. Ciurleo,* 471 N.W.2d 119, 121 (Minn.App.1991) (threshold jurisdictional question is whether dismissal was based on legal or factual determination). "Because trial judges recognize that it is not their function to overrule the legal rulings of their colleagues, * * *" it is "highly improbable" that a prosecuting authority could successfully reinstate a case that had been dismissed solely on a question of law. *State v. Aarsvold,* 376 N.W.2d 518, 520 (Minn.App. 1985), *review denied* (Minn. Dec. 30, 1985); *see also State v. Diedrich,* 410 N.W.2d 20, 23 (Minn.App.1987) (where dismissal of complaint is based on errors of law, further prosecution is effectively blocked).[1]

■ In the case at hand, appellant State asserts that the district court's dismissal of the two conspiracy counts turned on a legal issue: whether conspiracy to sell drugs required that respondent have drugs in his possession.

We disagree, for the State attempts to create a legal issue where none exists. On a charge of conspiracy, the State must prove:

---

1. This court has on one occasion used language that suggests a broader basis for appeal. *See State v. Gerring,* 418 N.W.2d 517 (Minn.App. 1988) (that state has no additional evidence with which to recharge defendant "effectively bars prosecution and [dismissal] is appealable"). *Id.* at 519–20. We do not view this dictum from *Gerring* as authority for an appeal from a probable cause dismissal when the State simply has no additional evidence with which to recharge the defendant. In *Gerring,* the trial court actually dismissed on the ground that the applicable statute was unconstitutional—unquestionably a legal determination. *Id.* at 520.

(1) that defendant agreed with another to commit a crime; and (2) that one of the conspirators performed an overt act *in furtherance* of the conspiracy. *State v. Olkon*, 299 N.W.2d 89, 104 (Minn.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981). The State contends that the district court here added to these two well-established elements a third element: "that conspiracy to sell illegal drugs requires possession of the drugs."

There is no evidence in the record that the district court required possession to show conspiracy. The district court quite clearly articulated the elements needed to show conspiracy:

> It is well settled law that for a conspiracy crime to occur, the defendant must agree to commit the underlying crime and one of the conspirators must perform an overt act in furtherance of the goal. Both factors were not met in this case.

By finding no evidence in the record that any cocaine was under the control or possession of respondent or that a transaction was possible, the court was simply stating that the complaint lacked either direct evidence or sufficient circumstantial evidence of an overt act in *actual* furtherance of a sale—something more than talk. Thus, there was insufficient evidence to support the charges of sale or conspiracy to sell.

The district court's dismissal of the charges for lack of probable cause was not based on a legal question; the district court made a factual determination that the conversation between the officer and respondent did not rise to the level of an overt act in furtherance of the goal of a cocaine sale. The district court relied on the lack of evidence showing that a transaction could have occurred. The order is not appealable. Appellant is attempting to find a legal issue where there is none.

## DECISION

Dismissal of the complaint for lack of probable cause was based on insufficiency of the evidence. Dismissal does not prevent further prosecution should additional evidence become available. The order of dismissal, therefore, is not appealable.

**Appeal dismissed.**