STATE of Minnesota, Appellant,

v.

**Jesus Antonio ESTRELLA,
Respondent.**

**No. A05–43.**

Court of Appeals of Minnesota.

July 12, 2005.

Mike Hatch, Attorney General, St. Paul, MN; and G. Paul Beaumaster, Rice County Attorney, Nathaniel J. Reitz, Assistant Rice County Attorney, Faribault, MN, for appellant.

Mark D. Nyvold, St. Paul, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge; TOUSSAINT, Chief Judge; and KALITOWSKI, Judge.

## OPINION

RANDALL, Judge.

The state appeals from a pretrial order dismissing a charge of racketeering and denying its motion to add second-degree controlled substance offense charges. The state argues that the district court erred in ruling that respondent's family could not provide the "organization" required for the existence of an "enterprise" under the racketeering statute. The state also argues that the court erred in ruling the mobile-home park where the cocaine sales occurred was not within the required proximity of a "park zone" so as to constitute second-degree controlled substance offense. The state argues that the court erred in construing the statutory term "city block" to require a street grid. Alternatively, the state argues that the mobile-home park, considered as a single entity because it had the same address, was within 300 feet of the park. We affirm the trial court.

## FACTS

Respondent, Jesus Antonio Estrella, was charged with one count of Racketeering and three counts of Third–Degree Sale of a Controlled Substance (cocaine) on September 23, 2004. On December 3, 2004, the district court conducted an omnibus hearing. At the hearing, respondent challenged the existence of probable cause on the racketeering charge, and the state moved to amend its original complaint in order to include three additional charges of Second–Degree Sale of a Controlled

Substance based on its allegation that the alleged cocaine sales took place in a "park zone."

The state offered investigation reports compiled by the police along with its original and amended complaints as exhibits in support of the racketeering charge.[1] The state also called the officer who arranged the alleged controlled drug buys that provided the basis for the complaints here. The officer's testimony related only to the issue of whether the alleged cocaine sales took place in a "park zone."

During his direct examination, the officer testified that there are 184 trailers in the Cannon River Trailer Park (Cannon River) and, of the three controlled buys at issue, two took place at trailer number 19 and one took place at trailer 162. The officer also stated that Cannon River sits directly west of a municipal park; railroad tracks separate Cannon River from the park; and some of the lots in Cannon River are within 300 feet of the park. As for the two trailers at issue here, the officer testified that neither trailer 19 nor trailer 162 is within 300 feet of the park. The officer also stated that each trailer in Cannon River shares the same address: 1407 Hulett Avenue.

On cross-examination, the officer agreed that the area between Cannon River and the park is not plotted into city blocks, and "there is no city block as such in between [the park] and [Cannon River]."

On January 4, 2005, the district court granted respondent's motion to dismiss the racketeering charge for lack of probable cause. Then the court denied the state's motion to amend the complaint (to include the "park zone" charges) based on a "lack

---

1. The investigation reports and complaints refer to eight "controlled buy" drug transactions: two involving respondent's mother, three involving respondent's father, and three involving respondent. Based on evidence gathered during these eight transactions, the state filed racketeering charges against respondent.

of probable cause to support those proposed charges." This appeal followed.

## ISSUES

1. Is the district court's dismissal of the racketeering charge appealable by the state?

2. Did the district court err in determining there is no probable cause to believe that the Cannon River Trailer Park lies within "one city block" of North Alexander Park under Minn.Stat. § 152.01, subd. 12a?

## ANALYSIS

### I. Jurisdiction

■ As a threshold issue, respondent argues that the state has no right to appeal the district court's dismissal of the racketeering charge.[2] Respondent bases his argument on the Minnesota Rules of Criminal Procedure, which prohibit the state from appealing a pretrial dismissal "if it is based solely on a factual determination dismissing a complaint for lack of probable cause[.]" Minn. R.Crim. P. 28.04, subd. 1(1)(a). A dismissal for lack of probable cause is appealable *only* if it is based on a question of law, such as the interpretation of a statute. Minn. R.Crim. P. 28.04, subd. 1(1); *State v. Linville*, 598 N.W.2d 1, 2 (Minn.App.1999).

At issue here is whether the district court's primary finding that "there is no evidence of a criminal enterprise between [respondent] and his parents" is a legal determination. This court addressed the same question in *State v. Duffy*, 559 N.W.2d 109, 110 (Minn.App.1997). In *Duffy*, the district court dismissed four counts of controlled substance violations for lack of probable cause. *Id.* This court then dismissed the state's appeal. The *Duffy* court stated:

> By finding no evidence in the record that any cocaine was under the control or possession of respondent or that a transaction was possible, the [district] court was simply stating that the complaint lacked either direct evidence or sufficient circumstantial evidence of an overt act.... The district court's dismissal of the charges for lack of probable cause was not based on a legal question; the district court made a factual determination that the conversation between the officer and respondent did not rise to the level of an overt act in furtherance of the goal of a cocaine sale. The district court relied on the lack of evidence showing that a transaction could have occurred. The order is not appealable. [The state] is attempting to find a legal issue where there is none.

559 N.W.2d at 111.

■ The language of *Duffy* is inescapable. We reject the state's attempt to classify the issue as one "of law," thus giving them a pretrial right of appeal. Simply put, all criminal cases involve factual and credibility determinations, whether by a judge or by a jury. All determinations revolve around some principle of law. That does not make all pretrial dismissals appealable by the state. Here, we have a district court that simply determined there were not enough facts to support a racketeering charge. This is the exact situation that Minn. R.Crim. P. 28.04, subd. 1(1)(a) was designed for. We find no merit in the state's attempts to create a legal issue here. Accordingly, we conclude that the state's appeal from the district court's dismissal of the racketeering charge for lack of probable cause is not appealable.

2. The state did not address this issue in its brief.

■ We point out that when dismissal is based on a factual determination, rather than a legal determination, the state is free to reissue the complaint if the state later obtains evidence that establishes probable cause. *Duffy,* 559 N.W.2d at 110. The state has the right to gather more evidence against respondent and re-file if it so chooses.

## II. Zone

The state also challenges the district court's denial of its motion to amend the complaint to include charges of Second Degree Sale of a Controlled Substance. Unlike its challenge to the district court's dismissal of the racketeering charge, the state's appeal on this issue presents a legal question. The district court based its denial on a finding that the state lacked probable cause to support the charge that the alleged drug sales took place in a "park zone," as defined by Minn.Stat. § 152.01, subd. 12a (2002) (stating that "park zone" includes the area within 300 feet or one city block, whichever distance is greater, of the park boundary). The state argues that this court should find that the alleged drug sales by respondent took place within "one city block" of North Alexander Park (the park) and, thus, there is probable cause to charge him with a second-, rather than a third-degree controlled substance crime.

■ This is a question of statutory construction, and construction of a criminal statute is a question of law subject to de novo review. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996). The purpose of statutory interpretation is to give effect to the intention of the legislature. Minn.Stat. § 645.16 (2002); *State v. Koenig,* 666 N.W.2d 366, 372 (Minn.2003). Accordingly, a statute must be construed according to its plain language. Minn.Stat. § 645.16 (2002). But if a statute is ambig-

uous, the intent of the legislature controls. *Id.*

■ Minn.Stat. § 152.022, subd. 1(6) (2002) states that "[a] person is guilty of controlled substance crime in the second degree if: the person unlawfully sells [any amount of a schedule I or II narcotic drug] in a school zone, a park zone, a public housing zone, or a drug treatment facility." Thus, where a controlled substance crime occurs in a "park zone," the commission of the crime within the zone operates as an aggravating element that heightens the degree of the offense. At issue is whether the alleged drug buys took place in a "park zone" under the definition provided by Minn.Stat. § 152.01, subd. 12a. Subdivision 12a states:

"Park zone" means an area designated as a public park by the federal government, the state, a local unit of government, a park district board, or a park and recreation board in a city of the first class. "Park zone" includes the area within 300 feet or one city block, whichever distance is greater, of the park boundary.

The phrase "one city block" in subdivision 12a is undefined. Without defining "one city block," the statute, by its terms, implies that a distance of "one city block" could be greater than 300 feet. And, while the legislature's inclusion of a distance of 300 feet implies that a distance of "one city block" should be in the neighborhood of 300 feet, the exact definition is not apparent based on the plain language of the statute. Accordingly, we conclude that the statute is ambiguous in its definition of how far from the actual park boundary a "park zone" extends.

The state argues for a broad construction of the term "park zone" in order to allow its charge of second-degree sale of cocaine here. The state first points to

*State v. Terrell*, No. C1–95–1808, 1996 WL 330509 (Minn.App.), *review denied* (Minn. Aug. 20, 1996), an unpublished opinion where this court cited Black's Law Dictionary's general definition of a block as "a part of a city or town that is surrounded by streets or avenues on at least three sides." *Id.* at *4. Based on this definition, the state asserts that "Cannon River Trailer Park and North Alexander Park are on the same block." The state also asks that this court interpret the "park zone" to include the park and all of the surrounding land bounded by city streets. But, as the district court pointed out, "[i]t is unreasonable to construe the term 'one city block' to apply to a parcel of land that is at least *3075 feet by 2050 feet.*" *See* Minn.Stat. § 152.01, subd. 12a ("Park zone" includes the area *within 300 feet or one city block,* whichever *distance* is greater, *of the park boundary* ) (emphasis added). Rather than creating room for an argument that "one city block" includes *any* area surrounded by streets on three sides, no matter how large, the language of subdivision 12a indicates that "300 feet" and "one city block" are measures of *distance* used to determine proximity to a park's boundary. We refuse to endorse the state's proposed unlimited definition of the term "city block."

The question of how far beyond the park's boundary "one city block" extends is more problematic. As the state points out, "[i]f a 'city block' is to be considered to be no more than 300 feet long, and a 'park zone' includes the area within the greater of a city block or 300 feet, then the addition of the term 'city block' is meaningless." But the state proposes no set limit on how far outside a park's boundaries a "park zone" should extend. And, while the state points out that the *Terrell* court "accepted the fact that the definition of 'city block' would include … a hypothetical suburban block extending for half

a mile," that language is distinguishable here. The *Terrell* court was discussing subdivision 12a in the context of a claim by a criminal defendant that the definition of "park zone" was unconstitutionally vague and did not provide adequate notice to criminal defendants.

Respondent argues that the legislature, when defining "park zone" in subdivision 12a, contemplated cases such as this—where the park and its "adjoining areas" are not laid out in city blocks—and therefore included the alternative measurement of 300 feet. We find this argument more reasonable than the state's attempts to dramatically expand a "park zone" far beyond a distance of 300 feet. Respondent's reading also comports with the settled principle that, when construing criminal statutes, a rule of strict construction applies and all reasonable doubt concerning legislative intent should be resolved in favor of the defendant. *State v. Olson,* 325 N.W.2d 13, 19 (Minn.1982).

Accordingly, we conclude that under circumstances where no actual grid system is present, the term "one city block" does not apply and, therefore, a drug transaction must take place within 300 feet of a park to come within the ambit of the "park zone" statute. While we recognize that this interpretation means the phrase "whichever distance is greater" is rendered meaningless where a standard grid system does not exist, this reading avoids constitutional complications and resolves the statute's ambiguities in favor of the defendant. *See id.* Our legal conclusion is based on this narrow set of facts.

Here, the only evidence in the record regarding the actual distance between the property on which the alleged drug transactions took place and the park boundary is the testimony of Officer Cordova. And Cordova stated that neither

trailer 19 nor trailer 162 is within 300 feet of the park. Thus, we affirm the district court's denial of the state's motion to amend the complaint, based on its finding that the state lacked probable cause to support a charge that the alleged drug sales by respondent took place in a park zone.

### DECISION

Because the district court based its probable cause dismissal of the racketeering charge on a lack of evidence, the state has no right to appeal that factual determination.

On the issue of whether the alleged drug sales here took place in a "park zone," as defined by Minn.Stat. § 152.01, we affirm the district court's dismissal of that charge.

**Affirmed.**