**STATE of Minnesota, Appellant,**

v.

**Richard Eugene DUNSON, Respondent (A09–559),**

**Cary Lee Morrison, Respondent (A09–562).**

**Nos. A09–0559, A09–0562.**

Court of Appeals of Minnesota.

Aug. 18, 2009.

Lori Swanson, Attorney General, St. Paul, MN; and Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, MN, for appellant.

Bradford S. Delapena, Special Assistant State Public Defender, St. Paul, MN, for respondents.

Considered and decided by LARKIN, Presiding Judge; ROSS, Judge; and SCHELLHAS, Judge.

## OPINION

LARKIN, Judge.

The state appeals the district court's dismissal of criminal charges against two defendants for lack of probable cause. Because the dismissals are based on the district court's erroneous legal conclusion that probable cause is lacking solely because the alleged victims were identified in the complaints by their initials rather than their names, we reverse and remand.

## FACTS

On March 23, 2009, respondents Richard Eugene Dunson and Cary Lee Morrison appeared separately before the district court for hearings on unrelated criminal complaints. In the probable-cause statements supporting each complaint, the victims of the alleged criminal offenses were identified by their initials instead of their names.

Neither respondent objected to the probable-cause statement supporting his respective complaint. And neither respondent claimed to not know the identity of the alleged victim of the offense charged. Even though the alleged victims' names were not disclosed in the complaints, the names were included in discovery disclosures provided to respondents by the state under Minn. R.Crim. P. 9.01.

The district court, sua sponte, held that the use of initials to identify the alleged victims in the complaints violated the Minnesota Rules of Criminal Procedure and the United States and Minnesota Constitutions. The district court reasoned that the identity of an alleged victim is an essential element of a criminal complaint and that the state's failure to include the victims' names in the complaints results in a lack of specificity that precludes a probable-cause finding. The district court ordered that based on the prosecution's failure to state the alleged victims' names in the complaints, it "must" find that the state failed to meet its burden of establishing probable cause to support the complaints. The state filed this pretrial appeal pursuant to Minn. R.Crim. P. 28.04.

## ISSUES

I. Is the district court's pretrial order appealable?

II. Must a victim of an alleged crime be identified by name in a criminal complaint to establish probable cause?

## ANALYSIS

I.

A pretrial order dismissing a charge for lack of probable cause is appealable if the order is based on a legal determination. *State v. Ciurleo,* 471 N.W.2d 119, 121 (Minn.App.1991); *see also* Minn. R.Crim. P. 28.04, subd. 1(1) (provid-

ing that the state may appeal as of right from any pretrial order, including a proble-cause dismissal based on questions of law). Under rule 28.04, subdivision 1(1), "whether the dismissal is based on a legal or a factual determination is a threshold jurisdictional question." *Ciurleo,* 471 N.W.2d at 121. We review a dismissal that is based on a question of law de novo. *State v. Linville,* 598 N.W.2d 1, 2 (Minn. App.1999) (reviewing statutory interpretation de novo). This court will reverse a probable-cause pretrial dismissal "only if the state demonstrates clearly and unequivocally that the district court erred in its judgment and, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Trei,* 624 N.W.2d 595, 597 (Minn.App.2001) (granting the state's request for a pretrial appeal of an order dismissing a criminal charge for lack of probable cause), *review dismissed* (Minn. June 22, 2001).

■ The state contends that the district court's conclusion that it must include the alleged victims' names in the complaints to establish probable cause is based on an error of law and that the resulting dismissals have a critical impact on the state's ability to prosecute respondents. Respondents counter that the district court's order was based on a factual determination that the complaints lack sufficient information to establish probable cause and that the order is, therefore, not appealable. *See* Minn. R.Crim. P. 28.04, subd. 1(1) (providing that an order is not appealable "if it is based solely on a factual determination dismissing a complaint for lack of probable cause"). Alternatively, respondents argue that even if the order was based in part on an error of law, there is no critical impact because the state can resume prosecution by filing amended complaints that contain the alleged victims' names.

The district court's order states: "Based upon the refusal of the prosecution to state with particularity the [names of the alleged victims], the Court must find that the State has failed to meet its burden of establishing probable cause to support these complaints." The district court's supporting memorandum explains the legal conclusions that underlie the order as follows: (1) the state's practice of identifying alleged victims by their initials in a complaint violates a defendant's right to have the complaint against him or her pled with specificity under the Minnesota Rules of Criminal Procedure and (2) the identity of the alleged victim is an essential element of the criminal complaint itself. The district court explained, "That the person may have been identified in other non-public documents does not take away from the requirement that the *complaint itself* be pled with specificity." The district court's conclusion that the state failed to establish probable cause was clearly based on its legal conclusion that the state must disclose the alleged victims' names in the complaints to plead the charge with specificity adequate to establish probable cause.

While respondents are technically correct that the dismissals were based on the state's failure to include certain factual information in the complaints—the alleged victims' names—the failure is material only because of the district court's underlying legal conclusion that it is impossible to establish probable cause if the alleged victims' names are not stated in the complaints. This legal determination is the underlying basis for the district court's order, and it provides a basis for pretrial appeal. We do not allow the state to make a dismissal for lack of probable cause appealable by redefining a factual issue as a legal issue. *State v. Duffy,* 559 N.W.2d 109, 111 (Minn.App.1997) (dismissing the state's pretrial appeal of an order dismiss-

ing charges for lack of probable cause where the dismissal was based on a factual determination and noting that the state was attempting to find a legal issue where none existed). Nor will we allow respondents to prevent this appeal by redefining a legal issue as a factual one.

■ Similarly, respondents' argument that critical impact is lacking because the state may reinstate the charges by amending the complaints to include the alleged victims' names is not persuasive. Dismissal of a complaint based on a question of law satisfies the critical impact requirement. *Trei,* 624 N.W.2d at 597–99 (holding that the district court erred by determining that probable cause was lacking based on its application of criminal statutes to the undisputed facts of the case); *see also State v. Diedrich,* 410 N.W.2d 20, 23 (Minn.App.1987) (where dismissal of a complaint is based on errors of law, "further prosecution is effectively blocked"). An appeal may be taken from a probable-cause dismissal based on a question of law because district court judges recognize that it is not their function to overrule their colleagues' legal rulings, and it is therefore highly unlikely that a prosecuting attorney could reinstate a case dismissed solely on a question of law. *Duffy,* 559 N.W.2d at 110. Moreover, we are unwilling to hold that critical impact is lacking simply because the state has the ability to comply with a pleading requirement that is not mandated by law. We therefore conclude that the state's pretrial appeal is properly before us.

## II.

■ The state argues that the district court erred by concluding that the alleged

victims' names must be stated in the complaints to establish probable cause. We limit our review to this narrow issue.[1] The district court based its conclusion on Minn. R.Crim. P. 2.01, Minn. R.Crim. P. 3.01, and the due-process requirements of the federal and state constitutions. We address each in turn.

The district court cited the following language from Minn. R.Crim. P. 2.01 in support of its order: "The complaint is a written signed statement of the essential facts constituting the offense charged." But as the district court acknowledged in its supporting memorandum, this is merely a definitional provision. No Minnesota appellate court has ever construed this provision to require that the alleged victim's name be included in the complaint or to expand the traditional probable-cause standard.

The actual probable-cause pleading requirements under rule 2.01 are twofold: the state must present facts establishing probable cause to believe that (1) "an offense has been committed" and (2) "the defendant committed it." Minn. R.Crim. P. 2.01, subd. 1. With certain exceptions, the facts establishing probable cause "must be set forth in writing in the complaint, and may be supplemented by supporting affidavits or by sworn testimony of witnesses taken before the issuing judge or judicial officer." *Id.; see also id.,* subd. 3 (mandating certain procedures when sworn testimony is offered). The rule does not require the state to identify the alleged victim by name. Nor does the rule require the district court to ascertain the alleged victim's name. The district court

---

1. In their briefs, the parties argue extensively regarding the proper classification of an alleged victim's name under the Minnesota Government Data Practices Act. The arguments concern whether mandated disclosure of an alleged victim's name would conflict with the Act. These arguments are irrelevant to the limited issue before us for review, and we do not address them.

need only determine whether the information presented in support of the complaint establishes "probable cause to believe that an offense has been committed and that the defendant committed it." *Id.*, subd. 4.

Moreover, rule 2.01 does not support the district court's conclusion that "[t]he identity of the alleged victim is an essential element of the criminal complaint itself." Rule 17.02 governs the contents of a complaint but does not require inclusion of the alleged victim's name. Minn. R.Crim. P. 17.02, subd. 3. While Minnesota statutes specify content requirements related to charging documents, none requires that the alleged victim's name be stated in the charging document. *See* Minn.Stat. §§ 628.01 (defining indictment), .10 (stating that an indictment shall contain "a statement of the acts constituting the offense, in ordinary and concise language, without repetition"), .12 ("The indictment shall be direct and certain as it regards: (1) the party charged; (2) the offense charged; (3) the particular circumstances of the offense charged, when they are necessary to constitute a complete offense."), .16 (stating that "erroneous allegation as to person injured, or intended to be injured, shall not be material" when the offense is described with "sufficient certainty in other respects to identify the act") (2008).

Similarly, Minn. R.Crim. P. 3.01 does not require that the alleged victim be identified by name. Rule 3.01 governs the decision whether to issue a summons or a warrant for an offense that is supported by probable cause. With regard to the probable-cause standard, the rule contains the same language as rule 2.01: "probable cause to believe that an offense has been committed and that the defendant committed it." Minn. R.Crim. P. 3.01. The district court erred by concluding that rules 2.01 and 3.01 require inclusion of the alleged victims' names in the complaints.

■ The district court also relied on the due-process requirements of the United States and Minnesota Constitutions. A criminal complaint must satisfy constitutional requirements. The Sixth Amendment, applicable to the states through the Fourteenth Amendment Due Process Clause, demands that a defendant " 'be informed of the nature and cause of the accusation.' " *State v. Kendell,* 723 N.W.2d 597, 611 (Minn.2006) (quoting U.S. Const. amend. VI). Likewise, Article 1, section 6, of the Minnesota Constitution guarantees a criminal defendant "the right to be informed of the nature and cause of the accusation" against him or her. The " 'nature and cause' requirement is satisfied if an indictment contains such descriptions of the offense charged as will enable a defendant to make his defense and to plead the judgment in bar of any further prosecution of the same crime." *Kendell,* 723 N.W.2d at 611 (quotation omitted). At the pleading stage, due process requires that "an accused ... be adequately apprised of the charge made against him in order that he may prepare his defense, as well as to insure against jurisdictional defects." *State v. Pratt,* 277 Minn. 363, 366, 152 N.W.2d 510, 513 (1967).

■ A charging document "alleging a statutory offense is sufficient if the language used spells out all essential elements in a manner which has substantially the same meaning as the statutory definition." *Id.* at 365–66, 152 N.W.2d at 512–13 (noting that "an objection to [a charging document] requires the closest scrutiny to safeguard the due process rights of an accused"). But it is unnecessary to identify each specific element of the crime. *State v. Ewald,* 373 N.W.2d 358, 359 (Minn.App.1985) (finding a complaint sufficient where "[t]he essential facts constituting the offense were stated" and the fail-

ure to recite an element of the offense was insignificant).

Precedent indicates that a charging document imperfect in form is not fatally defective if it adequately apprises the defendant of the charge against him. For example, in *State v. Hall* our supreme court held that a charging document in a burglary case was not fatally defective even though it did not identify the location of the building that had been burglarized. 286 Minn. 424, 434–35, 176 N.W.2d 254, 260–61 (1970). The charging document identified the building by naming the business that was in lawful possession of the building. *Id.* at 433, 176 N.W.2d at 260. The supreme court noted that the purpose of a charging document is "to specify the charge" and "to prevent [the] defendant from being charged twice with the same crime," and that, although the information in the charging document was imperfect, "it adequately apprise[d] the defendant of the charge on which he [was] being held and upon which he [would] be tried." *Id.* at 434–35, 176 N.W.2d at 260–61. The supreme court distinguished the facts in *Hall* from a burglary case in which it held the charging document fatally defective because the description of the building allegedly burglarized was limited to " 'a building commonly known and described as a shed.' " *Id.* at 434, 176 N.W.2d at 260 (quoting *State ex rel. Webber v. Tahash,* 277 Minn. 302, 309, 152 N.W.2d 497, 502 (1967)); *Tahash,* 277 Minn. at 307, 152 N.W.2d at 501 ("Obviously, there is more than one shed in Waseca County."). The supreme court stated that this description was "clearly inadequate." *Hall,* 286 Minn. at 434, 176 N.W.2d at 260.

*Hall* demonstrates that it is possible to adequately apprise a defendant of the nature and cause of the accusation against him by identifying the location of the crime through information other than an address. Likewise, a criminal complaint may adequately identify the alleged victim through information other than a name. Whether the identifying information regarding an alleged victim in a particular complaint is sufficient must be determined in the context of the facts of the case. *See, e.g., id.*

The district court, however, did not undertake a case-specific inquiry so as to determine whether the probable-cause statements were adequate to apprise respondents of the nature and cause of the accusations against them, even though the complaints did not identify the alleged victims by name. Instead, the district court concluded that the state failed to satisfy due-process requirements solely because the state identified the alleged victims by their initials rather than their names. This conclusion is without legal support and is, therefore, erroneous.

In summary, having reviewed the legal requirements necessary for a probable-cause showing related to a charging document and the related constitutional mandates, we find no requirement that an alleged victim's name be stated in a criminal complaint. We therefore reverse and remand the case for a determination of probable cause.

 On remand, the district court must determine whether the information presented in support of the complaints is sufficient to establish "probable cause to believe that an offense has been committed and that the defendant committed it." Minn. R.Crim. P. 2.01, subd. 4. "[T]he test of probable cause is whether the evidence worthy of consideration ... brings the charge against the [defendant] within reasonable probability." *State v. Florence,* 306 Minn. 442, 446, 239 N.W.2d 892, 896 (1976) (quotation omitted). In determining questions of probable cause, the dis-

trict court "must exercise an independent and concerned judgment addressed to this important question: Given the facts disclosed by the record, is it fair and reasonable ... to require the defendant to stand trial?" *Id.* at 457, 239 N.W.2d at 902. A probable-cause hearing is not a substitute for the discovery process mandated by the Minnesota Rules of Criminal Procedure. *State v. Rud,* 359 N.W.2d 573, 578 (Minn. 1984). Moreover, "[t]he public policy of this state is to free criminal pleading from the pitfalls that resulted from the formalities and technicalities of common-law pleading." *Pratt,* 277 Minn. at 365, 152 N.W.2d at 512.

> Long gone is the time when, in respect to a [charging document], a defendant can successfully claim not to be able to get from [the document] the knowledge in respect to the charge against him that any other sane and intelligent reader would gather from even a casual reading, without resorting to inference.

*State v. Lopes,* 201 Minn. 20, 24, 275 N.W. 374, 376 (1937).

## DECISION

Because the state has clearly and unequivocally demonstrated that the district court erred in its judgment that the name of the victim of an alleged crime must be included in a criminal complaint to establish probable cause, we reverse and remand for a determination regarding whether the complaints in respondents' cases establish probable cause and whether they adequately inform respondents of the nature and cause of the accusations against them.

**Reversed and remanded.**