*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1827**

State of Minnesota,
Respondent,

vs.

Amy Jessina Janssen,
Appellant.

**Filed October 31, 2016
Appeal dismissed
Rodenberg, Judge**

Carver County District Court
File No. 10-CR-14-164

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark Metz, Carver County Attorney, Angella M. Erickson, Assistant County Attorney, Chaska, Minnesota (for respondent)

Amy Jessina Janssen, Waconia, Minnesota (pro se appellant)

Considered and decided by Smith, Tracy, M., Presiding Judge; Ross, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant Amy Jessina Janssen appeals from the district court's order finding her incompetent to stand trial under Minn. R. Crim. P. 20.01. Appellant argues that the district court erred by not allowing her to represent herself at the competency hearing and argues

that her lawyer was ineffective. Because appellant has failed to affirmatively demonstrate that this court has appellate jurisdiction, and because we decline to grant discretionary review, we dismiss the appeal.

## FACTS

The state charged appellant with felony terroristic threats, gross-misdemeanor stalking with intent to injure, and misdemeanor disorderly conduct. At a hearing on March 10, 2015, appellant's attorney moved for a competency evaluation under Minn. R. Crim. P. 20.01.[1] Appellant agreed with her attorney's request. At some point after that hearing, appellant fired her public defender, and a new attorney was appointed to represent her.

A court-appointed psychologist who met with appellant reported to the court that appellant was not competent to stand trial. Appellant objected to the report and requested a hearing to determine her competency under Minn. R. Crim. P. 20.01, subd. 5.

At the competency hearing, appellant's attorney did not introduce evidence to contradict the court-appointed psychologist's report. After hearing this, appellant asked the district court to remove her attorney. The district court declined the request. Appellant then attempted to introduce evidence, without the assistance of her lawyer, purportedly to rebut the court-appointed psychologist's report and conclusion. The district court did not permit appellant to introduce evidence, based on its determination that appellant was not competent. As a result of the district court's determination of appellant's incompetency,

---

[1] Appellant's attorney also moved for an evaluation under Minn. R. Crim. P. 20.02, but mental-illness defense issues are not involved in this appeal.

the criminal case against appellant was stayed under Minn. R. Crim. P. 20.01, subd. 8. For reasons not directly relevant to this appeal, no civil commitment proceeding was commenced concerning appellant. Appellant then appealed pro se from the district court's determination that she is not competent.

## DECISION

Generally, a defendant is entitled to appeal as of right from a final judgment. Minn. R. Crim. P. 28.02, subd. 2. There are limited exceptions to this general rule. *Id*. The only exception relevant here is that a defendant in a felony or gross misdemeanor case may appeal from an order "not on the defendant's motion, finding the defendant incompetent to stand trial." *Id*., subd. 2(2)(b)(2). An appellant must make appellate jurisdiction "appear plainly and affirmatively from the record presented." *State v. Ciurleo*, 471 N.W.2d 119, 121 (Minn. App. 1991). We may dismiss a case for lack of jurisdiction if an appellant does not provide an adequate basis for our exercise of appellate jurisdiction in the record. *Id*.

Here, the district court's determination that appellant is not competent to stand trial followed from appellant's own motion. Her appeal falls outside those competency determinations that are appealable as of right under rule 28.02, subd. 2(2)(b)(2).

We may exercise our discretion to allow "an appeal from an order not otherwise appealable," but are not required to accept such appeals. Minn. R. Crim. P. 28.02, subd. 3; *see also State v. Smith*, 656 N.W.2d 420, 423-24 (Minn. App. 2003) (declining to exercise our discretion to review an appeal when appellant did not "establish a compelling reason to grant discretionary review"). We deny discretionary review where an appellant has no appeal as of right and has not provided a compelling reason to grant discretionary review.

3

*See State v. Murphy*, 537 N.W.2d 492, 494 (Minn. App. 1995) (declining to grant discretionary review when appellant did not provide an adequate record or a compelling reason for us to hear the appeal).

Here, appellant has not identified a compelling argument in favor of our granting discretionary review. The Minnesota Rules of Criminal Procedure expressly contemplate this scenario and provide for no appeal as of right. Appellant moved for a competency examination and report. She agreed with her then-attorney's motion under rule 20. Because appellant herself requested the examination and report and was successful in obtaining a stay of the criminal charges against her, we decline to exercise our discretionary appellate jurisdiction.

**Appeal dismissed.**