*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1191**

State of Minnesota,
Appellant,

vs.

Kim Marie Halvorson,
Respondent.

**Filed January 9, 2017
Affirmed
Bjorkman, Judge**

Rice County District Court
File Nos. 66-CR-15-1718, 66-CR-15-2013, 66-CR-15-2471

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Fossum, Rice County Attorney, Terence Swihart, Assistant County Attorney, Faribault, Minnesota (for appellant)

Mark D. Nyvold, Fridley, Minnesota; and

Gary Voegele, Faribault, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Reilly, Judge; and Connolly, Judge.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the district court's dismissal of all but two charges against respondent, arguing that the void-for-vagueness doctrine does not apply and that there is probable cause to believe respondent violated a conditional-use permit. We affirm.

## FACTS

Bio Wood Processing, LLC operates a wood-grinding facility on approximately nine acres of land in Rice County. Bio Wood grinds wood to make animal bedding in the form of mulch and sawdust. The operation takes place in two buildings located under one roof and separated by a firewall. The west building houses the grinder; the finished product is transported by an enclosed conveyor belt to the east building for loading into semi-trailers. A dust collector is attached to the grinder and extracts 97% of the dust produced during the grinding process.

Respondent Kim Halvorson owns Bio Wood. On October 8, 2013, Halvorson obtained an amended conditional-use permit (CUP) on behalf of the company. Condition 8 of the CUP states that "[d]ust abatement methods shall be required and enforced when processing materials or hauling materials to or from the site."

On July 9, August 11, and September 29, 2015, appellant State of Minnesota filed complaints charging Halvorson with multiple violations of CUP condition 8. The three complaints reference reports of dust emissions at the facility made to law enforcement on various dates, and allege that noncompliance with condition 8 violates Rice County Zoning Ordinance §§ 503.10F (making it a violation for a CUP holder to "maintain, permit or

otherwise allow any non-compliance with the provisions of [a conditional use permit]"), and .10G (making it a violation for a CUP holder to "instruct, permit or otherwise allow a subordinate person or entity to violate the provisions of this ordinance or the conditions of the permit") (2015). The parties agreed to consolidate the three cases, and Halvorson moved to dismiss all of the charges.

During the contested omnibus hearing, Halvorson and Bio Wood manager Andrew Barna described the layout of the facility, the grinding operation, and the measures Bio Wood implemented to reduce dust emissions. These measures include: (1) a dust collector with seven points of suction overhead in both the west and east part of the building, (2) a 40-foot duct that runs down the length of the east part of the building with multiple suction points to collect additional dust, (3) an enclosed conveyor system under vacuum suction that moves the final sawdust product under a dust hood from the west to the east building, (4) the building itself where all grinding activities are conducted, (5) the use of calcium chloride on the driveway to reduce dust from being blown off-site, and (6) the use of tarps to cover semi-trailers leaving the site with finished product.

The district court granted Halvorson's motion in part, dismissing all but two charges in each complaint on the basis that condition 8 of the CUP is unconstitutionally vague and the charges are not supported by probable cause.[1] The state moved for reconsideration, which the district court denied. The state appeals.

---

[1] The remaining charges relate to activities conducted wholly outside Bio Wood's buildings, where no dust-abatement methods are employed.

## D E C I S I O N

### I. Dismissal of all but two charges in each complaint has a critical impact on the outcome of the trial.

When the state appeals a pretrial order, we will reverse "only if the state demonstrates clearly and unequivocally that the district court erred in its judgment and, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Trei*, 624 N.W.2d 595, 597 (Minn. App. 2001), *review dismissed* (Minn. June 22, 2001). "Dismissal of a complaint based on a question of law satisfies the critical impact requirement." *State v. Dunson*, 770 N.W.2d 546, 550 (Minn. App. 2009), *review denied* (Minn. Oct. 20, 2009).

The district court applied the law to the facts alleged and presented during the omnibus hearing, concluding that the state could not prosecute Halvorson as a matter of law. The district court noted that the record includes reports of dust emissions on the dates alleged in the complaints, but also undisputed evidence that Bio Wood was using several dust-abatement methods on those dates. After concluding that condition 8 of the CUP does not require zero dust emissions, the district court ruled that the prosecution is barred under the void-for-vagueness doctrine and that probable cause is lacking given the undisputed evidence of the dust-abatement measures in place at all relevant times. Because the district court dismissed the charges based on a legal determination, the state may take this appeal.[2]

----

[2] The state argues that dismissal of eight of the ten charges in each complaint has a critical impact on the outcome of the trial. Because dismissal of even a single charge may establish critical impact, we conclude that critical impact exists here. *State v. Koenig*, 649 N.W.2d 484, 487 (Minn. App. 2002) ("[E]ven an order dismissing only one count of a multi-count complaint may have critical impact."), *rev'd on other grounds*, 666 N.W.2d 366 (Minn.

4

## II.    Condition 8 of the CUP is void for vagueness.

The United States and Minnesota Constitutions provide that a person shall not be deprived of life, liberty, or property without due process of law.  U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7.  The right to due process includes the right to not be convicted and punished based on an unconstitutionally vague statute.  *Dunham v. Roer*, 708 N.W.2d 552, 567 (Minn. App. 2006), *review denied* (Minn. Mar. 28, 2006).  The void-for-vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  *State v. Bussmann,* 741 N.W.2d 79, 83 (Minn. 2007) (quotation omitted).  At its core, the doctrine is designed to ensure that individuals are warned about the criminal consequences of their conduct.  *Jordan v. De George*, 341 U.S. 223, 230, 71 S. Ct. 703, 707 (1951).  "Constitutional challenges are questions of law, which we review de novo."  *Bussmann*, 741 N.W.2d at 82.

The state argues that a CUP is not subject to void-for-vagueness analysis because it does not reflect a legislative function.  We are not persuaded.  Halvorson was charged with violating two provisions of the Rice County Zoning Ordinance.  An ordinance is subject to constitutional challenge on vagueness grounds.  *See Hard Times Café, Inc. v. City of Minneapolis,* 625 N.W.2d 165, 171-72 (Minn. App. 2001) (holding that city ordinance

---

2003); *State v. Poupard*, 471 N.W.2d 686, 689 (Minn. App. 1991) (finding that the dismissal of only one of two charges had a critical impact on the outcome of the trial). Halvorson does not contest that critical impact exists.

allowing business-license revocation for good cause was not void for vagueness). The United States Supreme Court has held that both the crime, *and the elements constituting it*, must be so clearly expressed that the ordinary person can intelligently choose, in advance, a lawful course of conduct. *Connally v. Gen. Const. Co.*, 269 U.S. 385, 393, 46 S. Ct. 126, 128 (1926). The two ordinance provisions at issue incorporate condition 8 of the CUP and criminalize the failure of the CUP holder or her subordinates to comply with the condition. Minn. Stat. § 394.37, subd. 2 (2014) (stating that violation of an ordinance is a misdemeanor). In other words, proof that Halvorson violated condition 8 is a necessary element of the charged crimes. Accordingly, the void-for-vagueness doctrine applies.[3]

Having concluded that the void-for-vagueness doctrine applies, we turn to the substance of Halvorson's constitutional challenge. Condition 8 states that "[d]ust abatement methods shall be required and enforced when processing materials or hauling materials to or from the site." Halvorson asserts that condition 8 did not apprise her that the operations within Bio Wood's building were prohibited.

The state first argues that Halvorson forfeited her vagueness challenge by failing to bring the issue to this court by a writ of certiorari at the time the amended CUP was issued. We disagree. When the challenge is to the state's interpretation of an ordinance, rather than its issuance, certiorari review is not the appropriate remedy. *See Press v. City of Minneapolis*, 553 N.W.2d 80, 83-84 (Minn. App. 1996) (stating that district court had

---

[3] We have previously applied the void-for-vagueness caselaw to non-legislative acts. *State v. Phipps*, 820 N.W.2d 282, 286 (Minn. App. 2012) (applying the void-for-vagueness doctrine to an order for protection).

jurisdiction to decide property owner's challenge to city's enforcement of an ordinance). Moreover, it was only after the state asserted misdemeanor charges against Halvorson for violating condition 8 that she learned the state interpreted condition 8 differently than she did. Under these circumstances, we conclude that Halvorson did not forfeit her constitutional challenge by failing to appeal the issuance of the amended CUP.

The state next argues that condition 8 is not vague because "dust abatement" means zero dust emissions. Halvorson contends that "dust abatement" means reduced dust emissions. When determining the plain meaning of an undefined word, we look to the dictionary definition and apply it in the context of the statute. *State v. Haywood*, 886 N.W.2d 485, 488 (Minn. 2016). The dictionary defines "abatement" as "[r]eduction in amount, degree, or intensity; diminution." *The American Heritage Dictionary of the English Language* 2 (5th ed. 2011). This definition is consistent with Halvorson's interpretation of "abatement" but inconsistent with the state's. Because "dust abatement" is susceptible to different interpretations, condition 8 did not apprise Halvorson that she could be criminally prosecuted for using dust-reduction methods that did not totally eliminate dust emissions. In sum, condition 8 is void for vagueness because it did not warn Halvorson that her conduct was unlawful.

Because we conclude that dismissal of the subject charges is constitutionally required, we need not address the issue of probable cause. But we note that the state may not appeal dismissal of a complaint for lack of probable cause based on insufficient evidence. *State v. Duffy*, 559 N.W.2d 109, 111 (Minn. App. 1997).

**Affirmed.**

7