# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-0863

State of Minnesota,
Appellant,

vs.

Logan Hunter Vagle,
Respondent.

**Filed December 18, 2023**
**Reversed and remanded**
**Ede, Judge**

Anoka County District Court
File No. 02-CR-22-916

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brad R. Johnson, Anoka County Attorney, Kelsey R. Kelley, Assistant County Attorney, Anoka, Minnesota (for appellant)

Anders J. Erickson, Johnson Erickson Criminal Defense, Minneapolis, Minnesota (for respondent)

Considered and decided by Ede, Presiding Judge; Bratvold, Judge; and Klaphake, Judge.[*]

## SYLLABUS

Minnesota Statutes section 609.667(3) (2020), which prohibits the possession of a firearm that is not identified by a serial number, is not unconstitutionally vague as applied to respondent's possession of a privately made firearm without a serial number.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

**EDE**, Judge

In this state pretrial appeal, appellant challenges the probable-cause dismissal of one charge of possession of a firearm that is not identified by a serial number under Minnesota Statutes section 609.667(3) (2020). Because we conclude that the statute is not unconstitutionally vague as applied to respondent's possession of a privately made firearm without a serial number and that there is probable cause to support the section 609.667(3) charge, we reverse and remand.

## FACTS

Appellant State of Minnesota charged respondent Logan Hunter Vagle with possession of a firearm that is not identified by a serial number, in violation of Minnesota Statutes section 609.667(3), and possession of a firearm without a permit, in violation of Minnesota Statutes section 624.714, subdivision 1a (2020). The complaint alleged that a Minnesota State Patrol trooper responded to a single vehicle rollover in February 2022. The driver, identified as Vagle, indicated he had a pistol in the automobile and did not have a permit to carry it. During a search of the vehicle, the trooper located a black firearm that was not marked with a serial number.

Vagle moved to dismiss the section 609.667(3) charge for lack of probable cause. At the contested omnibus hearing, the parties agreed to file written briefs and to submit the matter to the district court based solely on documentary exhibits (i.e., police reports, photographs of the firearm, a district court order in a separate case, and emails showing

2

that Vagle "purchased all parts that made-up" the firearm).[1] In his memorandum supporting his motion to dismiss, Vagle argued that his firearm, as a "ghost gun,"[2] was not required to have a serial number under federal law—United States Code, title 26, section 5842, which section 609.667 references—and thus the state did not establish probable cause. Vagle also asserted that he did not have the mens rea to violate section 609.667(3) because he "lawfully purchased all parts that made up the" firearm. Vagle attached the receipts for the firearm parts as an exhibit to his memorandum.

In the state's memorandum opposing Vagle's motion to dismiss, the state maintained that it met its burden to show that Vagle knowingly possessed the firearm and that it did not have a serial number. To establish probable cause, the state submitted photographs of the firearm and the trooper's report about the incident. According to the report, Vagle told the trooper he had a pistol. Law enforcement found the firearm. "No

---

[1] At the hearing, Vagle stated that he was only challenging probable cause for the section 609.667(3) charge, not the constitutionality of that statute, and Vagle confirmed that he was not challenging probable cause for the permit violation. The district court likewise expressed its understanding that Vagle was challenging only probable cause for the section 609.667(3) offense.

[2] "Ghost gun" is a common term for a privately made firearm that is not identified by a serial number. *See, e.g.*, *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2180 (2022) (Breyer, J., dissenting) (discussing "'ghost guns' constructed with the aid of a three-dimensional printer" and citing White House Briefing Room, *FACT SHEET: The Biden Administration Cracks Down on Ghost Guns, Ensures That ATF Has the Leadership It Needs To Enforce Our Gun Laws* (Apr. 11, 2022), https://whitehouse.gov/briefing-room/statements-releases/2022/04/11/fact-sheet-the-biden-administration-cracks-down-on-ghost-guns-ensures-that-atf-has-the-leadership-it-needs-to-enforce-our-gun-laws/ [https://perma.cc/P7PQ-XYYU] (defining "ghost guns" as "unserialized, privately-made firearms that law enforcement are increasingly recovering at crime scenes in cities across the country")).

serial number was located, printed or stamped" on the firearm, and "no serial number appeared to be filed off" of the firearm.

Although the district court found that "[i]t is undisputed that the [firearm] was a firearm under Minnesota law and was not identified by a serial number[,]" the court granted Vagle's motion to dismiss the section 609.667(3) charge for lack of probable cause. In its accompanying memorandum, the district court noted that section "609.667 is clear on its face as to what conduct is prohibited" but nevertheless concluded that section 609.667(3) is "void for vagueness" because "ordinary people cannot reasonably be expected to understand what exactly is prohibited in light of the ambiguous language of United States Code, title 26, section 5842 or how to gain compliance."

The state appeals.

## ISSUE

Is Minnesota Statutes section 609.667(3), as applied to Vagle's possession of a privately made firearm without a serial number, void for vagueness?

## ANALYSIS

The state appeals the district court's pretrial order granting Vagle's motion to dismiss the section 609.667(3) charge for lack of probable cause.

In a state pretrial appeal, the state "must show clearly and unequivocally (1) that the district court's ruling was erroneous and (2) that the ruling will have a 'critical impact' on the State's ability to prosecute the case." *State v. Serbus*, 957 N.W.2d 84, 87 (Minn. 2021) (quoting *State v. Underdahl*, 767 N.W.2d 677, 683 (Minn. 2009)). In addition, the state may not appeal a probable-cause dismissal unless it is based, at least in part, on a legal

4

determination. *See State v. Gray*, 987 N.W.2d 563, 565 (Minn. 2023). Critical impact is met here because the district court dismissed the charge. *See Serbus*, 957 N.W.2d at 87. And the court's probable-cause dismissal—premised on its interpretation of section 609.667(3) and determination that the statute is unconstitutionally vague as applied to Vagle's possession of a privately made firearm without a serial number—was based on a legal determination. Accordingly, we begin with the merits of the state's argument: that the district court erred by concluding that Minnesota Statutes section 609.667(3) is unconstitutionally vague as applied to Vagle's possession of a privately made firearm without a serial number.[3]

Because determinations regarding the interpretation and constitutionality of a statute concern issues of law, appellate courts review them de novo. *In re Welfare of B.A.H.*, 845 N.W.2d 158, 162 (Minn. 2014). "[O]ur power to declare a statute

---

[3] Citing *In re Senty-Haugen* for the proposition that "[i]t is well-settled law that courts should not reach constitutional issues if matters can be resolved otherwise[,]" the state contends that the district court erred by sua sponte ruling on the constitutionality of Minnesota Statutes section 609.667(3). *In re Senty-Haugen,* 583 N.W.2d 266, 269 n.3 (Minn. 1998). Although *Senty-Haugen* did note that "neither of the parties [in that case] raise[d] the issue of the constitutionality of the statutes at issue[,]" the Minnesota Supreme Court did not hold that a district court commits reversible error by sua sponte ruling on the constitutionality of a statute. The state cites no other authority, and other appellate decisions run contrary to the state's argument. *Cf. State v. Wicklund*, 589 N.W.2d 793, 796-97 (Minn. 1999) (considering state constitutional issues on appeal from "sua sponte" ruling by the district court); *State v. Dunson*, 770 N.W.2d 546, 548, 552 (Minn. App. 2009) (considering constitutional issues in state pretrial appeal after the district court, "sua sponte, held that the use of initials to identify the alleged victims in the complaints violated the Minnesota Rules of Criminal Procedure and the United States and Minnesota Constitutions"). The district court ruled on the merits and both parties have fully briefed the issues. As a result, we address the constitutionality of section 609.667(3) under the federal and state Due Process Clauses on the merits.

5

unconstitutional should be exercised with extreme caution and only when absolutely necessary." *Id.*

The United States and Minnesota Constitutions provide that a person shall not be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7. A vague law may violate due process "for either of two independent reasons: 'First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits;' and '[s]econd, if it authorizes or even encourages arbitrary and discriminatory enforcement.'" *State v. Ness*, 834 N.W.2d 177, 184 (Minn. 2013) (alteration in original) (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)). "[V]agueness challenges that do not involve First Amendment freedoms must be examined in light of the facts at hand." *State v. Becker*, 351 N.W.2d 923, 925 (Minn. 1984) (citing *United States v. Powell*, 423 U.S. 87, 92 (1975)).

The parties' dispute relates to the first of the aforementioned reasons that a vague law may violate due process: whether Minnesota Statutes section 609.667(3) provides fair warning that a person who possesses a privately made firearm without a serial number violates the statute. *See Ness*, 834 N.W.2d at 184. The state argues that section 609.667(3) clearly prohibits Vagle's possession of such a firearm. Vagle responds that, because his firearm is privately made, section 609.667(3) does not apply to his conduct. We agree with the state.

Our analysis starts with an examination of the statute's plain language. *See State v. Robinson*, 539 N.W.2d 231, 237 (Minn. 1995) (analyzing the "common and approved

usage" of terms when evaluating whether a statute is void for vagueness). In full, Minnesota Statutes section 609.667 provides:

> Whoever commits any of the following acts may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both:
> (1) obliterates, removes, changes, or alters the serial number or other identification of a firearm;
> (2) receives or possesses a firearm, the serial number or other identification of which has been obliterated, removed, changed, or altered; or
> (3) receives or possesses a firearm that is not identified by a serial number.
> As used in this section, "serial number or other identification" means the serial number and other information required under United States Code, title 26, section 5842, for the identification of firearms.

Minn. Stat. § 609.667.

Vagle acknowledges that section 609.667(3) "clearly states that it is a crime to possess a firearm without a serial number." Vagle also concedes, and the record reflects, that he knowingly possessed a firearm that is not identified by a serial number. As a result, Vagle's conduct falls squarely within section 609.667(3)'s scope: "possess[ing] a firearm that is not identified by a serial number."

Vagle's position that Minnesota Statutes section 609.667(3) does not apply to his possession of a privately made firearm—and the district court's conclusion that section 609.667(3) is unconstitutionally vague—relies on section 609.667's definition of the term, "serial number or other identification[,]" which refers to United States Code, title 26, section 5842. Vagle contends that, because section 609.667 incorporates a provision of the United States Code in defining the foregoing phrase, the prohibition in section

7

609.667(3) is limited to firearms that are required to have a serial number under federal law, and the state has not established that Vagle's privately made firearm falls within that scope. We are not persuaded.

The phrase "serial number or other identification"—which Minnesota Statutes section 609.667 defines by reference to United States Code, title 26, section 5842—appears in both section 609.667(1) and section 609.667(2). Those subparts respectively criminalize (1) the obliteration, removal, change, or alteration of "the serial number or other identification of a firearm" and (2) the receipt or possession of a firearm with "the serial number or other identification" obliterated, removed, changed, or altered. Minn. Stat. § 609.667(1)-(2). But section 609.667(3), under which the state charged Vagle, does not use the phrase, "serial number or other identification." Instead, section 609.667(3) criminalizes the possession of "a firearm that is not identified by a serial number." Nothing in that unambiguous prohibition limits the purview of the serial number requirement set forth in section 609.667(3) to the scope provided by section 5842. As a result, section 609.667(3)'s plain language prohibits the possession of any firearm that is not identified by a serial number, regardless of whether federal law would require a serial number for a particular firearm. This prohibition encompasses privately made firearms, including the firearm Vagle possessed in this case.[4]

---

[4] We note that, in construing the language of section 609.667(2), this court has held that "the legislature intended the firearm-without-a-serial-number statute to encompass all firearms[,]" reasoning that "there is no need for case-by-case proof of a gun-specific serial-number requirement because section 5842 requires all firearms to have a serial number." *State v. Salyers*, 842 N.W.2d 28, 36 (Minn. App. 2014), *aff'd on other grounds*, 858 N.W.2d 156 (Minn. 2015). Vagle asserts that this court's opinion in *Salyers* was wrongly

As discussed above, it is undisputed that Vagle's privately made firearm is a "firearm" under Minnesota law and was not identified by a serial number, and that Vagle knowingly possessed the firearm. That being the case, Vagle's argument that the state did not establish probable cause for the section 609.667(3) charge is unavailing. *See State v. Salyers*, 858 N.W.2d 156, 161 (Minn. 2015) (explaining that a section 609.667(3) charge requires proof that the defendant is knowingly in possession of a firearm that is not identified by a serial number). Accordingly, the district court erred in granting Vagle's motion to dismiss for lack of probable cause. *See State v. Lopez*, 778 N.W.2d 700, 703-04 (Minn. 2010) ("A motion to dismiss for lack of probable cause should be denied where the facts appearing in the record, including reliable hearsay, would preclude the granting of a motion for a directed verdict of acquittal if proved at trial." (quotation omitted)).

Vagle alternatively asserts that, even if Minnesota Statutes section 609.667(3) does not incorporate federal law, section 609.667(3) does not give sufficient warning that Vagle's conduct is prohibited because the statute does not discuss privately made firearms. As an initial matter, we again note that the district court and all parties agree that the firearm Vagle possessed is a "firearm" under Minnesota law, notwithstanding that it was privately made. That said, although section 609.667(3) does not define the term, "firearm," the

decided. But we need not and do not rely on *Salyers* because it construed the language of section 609.667(2), including the phrase, "serial number or other identification," which section 609.667 defines by citing "United States Code, title 26, section 5842." *Id.* As explained in the text, section 609.667(2) is not involved in this case, and section 609.667(3)—under which the state charged Vagle—does not use the phrase, "serial number or other identification." This court's construction of the scope of section 5842's serial-number requirement in *Salyers* is therefore not relevant to our plain-language analysis of section 609.667(3) in this case.

Minnesota Supreme Court has "examined and defined the term . . . based on its plain and ordinary meaning." *State v. Stone*, 995 N.W.2d 617, 622 (Minn. 2023). In a possession context, the supreme court has defined "firearm" as follows: "a weapon, that is, an instrument designed for attack or defense, that expels a projectile by the action or force of gunpowder, combustion, or some other explosive force." *Id.* at 623 (quotation omitted). Given that section 609.667(3) uses "firearm" in a possession context, we are bound by the supreme court's definition of the term based on its plain and ordinary meaning. *See KSTP-TV v. Ramsey Cnty.*, 806 N.W.2d 785, 790 n.9 (Minn. 2011) (declining to "abandon the plain language" and accept an interpretation that "inserts" a limitation not otherwise present). We therefore conclude that section 609.667(3) plainly applies to *any* firearm, including those that are privately made.

Finally, Vagle also argues that a reasonable person would not know how to comply with the statute by obtaining a serial number for the privately made firearm he possessed in this case. This argument misunderstands the void-for-vagueness doctrine, which requires that a criminal statute "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *B.A.H.*, 845 N.W.2d at 163 (quotation omitted). Here, section 609.667(3) satisfies this requirement by clearly defining the criminalized conduct in this case: possession of any firearm that is not identified by a serial number. Although Vagle may disagree with that prohibition as a matter of public policy, "the Legislature, not the judiciary, must be the reviser." *Axelberg v. Comm'r of Pub. Safety*, 848 N.W.2d 206, 213 (Minn. 2014).

10

In sum, Minnesota Statutes section 609.667(3) "provide[s] people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" through its plain and unambiguous definition of the prohibited conduct. *See Ness*, 834 N.W.2d at 184 (quotation omitted). We therefore hold that, as applied to Vagle's possession of a privately made firearm without a serial number, section 609.667(3) is not unconstitutionally vague.[5]

**DECISION**

Minnesota Statutes section 609.667(3), which prohibits the possession of a firearm that is not identified by a serial number, is not unconstitutionally vague as applied to Vagle's possession of a privately made firearm without a serial number. The district court erred by granting Vagle's motion to dismiss the section 609.667(3) charge for lack of probable cause.

**Reversed and remanded.**

---

[5] Although the district court stated that, under these circumstances, the statute invaded a constitutionally protected right under the Second Amendment, the court did so without providing legal reasoning and ultimately did not rely upon a determination that the statute was unconstitutional under the Second Amendment as an independent basis for dismissing the charge. Instead, the district court determined that Minnesota Statutes section 609.667(3) was "void for vagueness" because "ordinary people cannot reasonably be expected to understand what exactly is prohibited in light of the ambiguous language of United States Code, title 26, section 5842 or how to gain compliance." Moreover, although the state's appellate brief argues that we should reverse the district court on this point, Vagle has not argued—either before the district court or on appeal—that the Second Amendment provides an alternative basis for dismissing the charge. To the contrary, at oral argument, Vagle's counsel expressly asked this court not to rule on Second Amendment grounds. Thus, we conclude that we need not consider or decide section 609.667(3)'s constitutionality under the Second Amendment because the district court did not rely on it in reaching its decision and the issue is not properly before us.